## MODERN WOODMEN OF AMERICA *v.* JENNIE V. MIXER.

### CERTIORARI TO THE SUPREME COURT OF NEBRASKA.

No. 308. Submitted March 18, 1925.—Decided April 13, 1925.

1. Becoming a member of an incorporated beneficiary society is more than a contract; it is entering into a complex and abiding relation; and the rights of membership are to be governed by the law of the State of the society's incorporation. P. 551.
2. Hence other States, irrespective of where the certificate of membership was issued, cannot attach to a membership rights against the society which are refused by the law of the domicil. *Id.*
3. Where a by-law of such a corporation provided that absence of any member unheard of should not give any right to recover on any benefit certificate until the member's expectancy of life had expired, and this was upheld by the Supreme Court of its domiciliary State even as against memberships antedating the by-law, *held* that a decision of a court of another State denying it this effect failed to give full faith and credit to the domiciliary charter. *Royal Arcanum* v. *Green,* 237 U. S. 531. *Id.*

197 N. W. 129, reversed.

CERTIORARI to a judgment of the Supreme Court of the State of Nebraska which affirmed a judgment for the plaintiff (here respondent) in an action on a benefit certificate.

*Mr. Nelson C. Pratt,* with whom *Messrs. Truman Plantz, Frank M. McDavid, George G. Perrin,* and *George H. Davis* were on the briefs, for petitioner.

The question whether payment of assessments shall cease at the expiration of seven years' unexplained absence of the member or shall continue to be paid for the period of the expectancy of life of the member is one which affects the financial interest of every member of the society. *Royal Arcanum* v. *Green,* 237 U. S. 531; *Steen* v. *Modern Woodmen of America,* 296 Ill. 104; *Hartford Life Insurance Co.* v. *Ibs,* 237 U. S. 662.

When the petitioner came into Nebraska it brought its charter with it, and its power to do any given thing is to be determined by that charter and the interpretation of it by the courts of Illinois. The Nebraska courts failed to give full faith and credit to the decision and judgment of the court of Illinois in the case of *Steen* v. *Modern Woodmen,* 296 Ill. 104.

Where either the application or the benefit certificate contains an agreement on behalf of the member to be bound by after-enacted by-laws, after-enacted by-laws are valid and the member is bound thereby.

The application made by the member and the benefit certificate provide that the laws, rules and usages of the society then in force, or which might thereafter be enacted, are part of the contract between the member and the society. The contract, therefore, provided that the member should be bound by all the laws that were legally enacted by the petitioner subsequent to the time of the issuance of his benefit certificate. *Hall* v. *Association,* 69 Neb. 601; *Funk* v. *Stevens,* 102 Neb. 681; *Knights of Pythias* v. *Mims,* 241 U. S. 574; *Apitz* v. *Supreme Lodge,* 274 Ill. 196; *Steen* v. *Modern Woodmen,* 296 Ill. 104; *Thomas* v. *Knights of Maccabees,* 85 Wash. 665; *Hollingsworth* v. *Supreme Council,* 175 N. C. 615; *Reynolds* v. *Supreme Council,* 192 Mass. 150; *Case* v. *Supreme Tribe,* 106 Neb. 220; *Supreme Lodge* v. *Smyth,* 245 U. S. 594; *Langnecker* v. *Grand Lodge,* 111 Wis. 279; *Norton* v. *Catholic Order of Foresters,* 138 Ia. 464; *Korn* v. *Mutual Assurance Society,* 6 Cranch 192; *Crites* v. *Modern Woodmen,* 82 Neb. 298; *Hartford Life Insurance Co.* v. *Ibs,* 237 U. S. 662; *Supreme Council* v. *Green,* 237 U. S. 531; *Hartford Life Insurance Co.* v. *Barber,* 245 U. S. 146.

The statutes of the State of incorporation, the charter or articles of association, benefit certificate and laws of

the society enter into and are parts of the contract of membership between a fraternal beneficiary society and its membership. *Baldwin* v. *Begley,* 185 Ill. 180; *Fulenweider* v. *Royal League,* 180 Ill. 621; *Sabin* v. *Phinney,* 134 N. Y. 423; *Shipman* v. *Protected Home Circle,* 174 N. Y. 398; *Union Mutual Association* v. *Montgomery,* 70 Mich. 587; *Supreme Lodge* v. *LaMalta,* 95 Tenn. 157; *Gaines* v. *Supreme Council,* 140 Fed. 978; *Van Schoonhoven* v. *Curley,* 86 N. Y. 187; *Sharpe* v. *Grand Lodge,* 108 Neb. 193; *Farmers* v. *Kinney,* 64 Neb. 808; *Relfe* v. *Rundle,* 103 U. S. 222; *Kirkpatrick* v. *Modern Woodmen,* 103 Ill. App. 468.

The provisions of the Constitution and of the act of Congress by which the judgments of one State are to have faith and credit given them in another State establish a rule of evidence rather than of jurisdiction. *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265; *Steen* v. *Modern Woodmen, supra; Harrison* v. *Insurance Co.,* 102 Ia. 112; *Russ* v. *War Eagle,* 14 Ia. 363; *Mobile, Jackson & P. C. R. R. Co.* v. *Turnipseed,* 219 U. S. 35;

There is no vested right in a rule of evidence, and parties may by contract provide that a different rule shall apply in determining controversies that may arise between them. *Roeh* v. *Business Men's Association,* 164 Ia. 199; *Steen* v. *Modern Woodmen, supra; Chicago, B. & Q. R. R.* v. *Jones,* 149 Ill. 361; *Lundberg* v. *Interstate Business Men's Ass'n.,* 162 Wis. 474; *People* v. *Rose,* 207 Ill. 352; *Chicago Transfer R. R.* v. *Chicago,* 217 Ill. 343; *Munn* v. *Illinois,* 94 U. S. 113; *Western Union* v. *Comm. Mill Co.,* 218 U. S. 406; *Martin* v. *Railroad Co.,* 203 U. S. 284.

The petitioner in transacting business in its home State is controlled by its charter, as interpreted by the courts of such home State, and, in a like manner when it transacts business in a State other than the State of its incorporation, it necessarily carries its charter with it, for that is the law of its existence. *Royal Arcanum* v. *Green,*

237 U. S. 531; *Reynolds* v. *Arcanum,* 192 Mass. 150; *Hartford Life Ins. Co.* v. *Ibs,* 237 U. S. 662; *Hollingsworth* v. *Supreme Council* 175 N. C. 615; *Sovereign Camp W. O. W.* v. *Wirts,* 254 S. W. (Tex.) 637; *McClement* v. *Supreme Court I. O. F.,* 222 N. Y. 470; *Supreme Council* v. *Gallery,* 278 Fed. 500; *Canada Southern R. R.* v. *Gebhard,* 109 U. S. 527; *Nashua Sav. Bank* v. *Anglo-American Loan Co.,* 189 U. S. 221; *Bernheimer* v. *Converse,* 206 U. S. 516; *Palmer* v. *Welsh,* 132 Ill. 141; *Supreme Lodge* v. *Hine,* 82 Conn. 315; *Supreme Colony* v. *Towne,* 87 Conn. 644; *Relfe* v. *Rundle,* 103 U. S. 222; *North American Union* v. *Johnson,* 142 Ark. 378.

The right of a corporation to modify the terms of a contract of membership depends upon the power of the corporation. *Supreme Lodge K. of P.* v. *Knight,* 117 Ind. 489; *Wright* v. *Minnesota Mutual Life Ins. Co.,* 193 U. S. 657; *Korn* v. *Society,* 6 Cranch 192; *Society* v. *Korn,* 7 Cranch 396.

The full faith and credit clause requires that the public acts of every State shall be given the same effect by the courts of another State that they have by law and usage at home. *Smithsonian Institute* v. *St. John,* 214 U. S. 19; *Railroad Co.* v. *Wiggins Ferry Co.,* 119 U. S. 615; *Hancock National Bank* v. *Farnam,* 176 U. S. 640; *Flash* v. *Conn,* 109 U. S. 371; *Royal Arcanum* v. *Green,* 237 U. S. 531; *Graham* v. *First National Bank,* 84 N. Y. 393; *Canada Southern R. R.* v. *Gebhard,* 109 U. S. 527.

If the legislature has not limited the charter powers of foreign beneficiary societies, the charter as interpreted by the courts of the home State is controlling. *Thomas* v. *Matthiessen,* 232 U. S. 221; *Nat. Bldg. & Loan Assn.* v. *Brahan,* 193 U. S. 635; *New York Life Ins. Co.* v. *Cravens,* 178 U. S. 389; *Pinney* v. *Nelson,* 183 U. S. 144; *Knights of Pythias* v. *Meyer,* 265 U. S. 30; *Nelson* v. *Nederland Life Ins. Co.,* 110 Ia. 600; *American Fidelity Co.* v. *Bleak-*

*ley,* 157 Ia. 442; *Dworak* v. *Supreme Lodge,* 101 Neb. 297; *Dolan* v. *Supreme Council,* 152 Mich. 266; *Weiditschka* v. *Maccabees,* 188 Ia. 183; *Dennis* v. *Modern Brotherhood,* 119 Mo. App. 210; distinguishing *McElroy* v. *Insurance Co.,* 84 Neb. 866; *Rye* v. *New York Life Ins. Co.,* 88 Neb. 707; *Mutual Life Insurance Co.* v. *Cohen,* 179 U. S. 262; *Mutual Life Ins. Co.* v. *Hill,* 193 U. S. 551; *American Fidelity Co.* v. *Bleakley,* 157 Ia. 442; *Prudential Ins. Co.* v. *Cheek,* 259 U. S. 530.

*Mr. J. J. McCarthy* and *Mr. George W. Leamer* for respondent, submitted.

The case should have been brought up by a writ of error instead of certiorari. Judicial Code § 237, as amended by Act of Feb. 17, 1922, 42 Stat. 366.

The contract sued upon was delivered and first became effective in the State of South Dakota. There is neither pleading nor proof as to the laws of that State. The law of South Dakota is therefore presumed to be the same as the law of Nebraska. This is true as to both statutory and common law. *Stark* v. *Olsen,* 44 Neb. 646; *Council Bluffs* v. *Griswold,* 50 Neb. 753; *Bannard* v. *Duncan,* 79 Neb. 189; *Haggin* v. *Haggin,* 35 Neb. 375; *Scroggin* v. *McClelland,* 37 Neb. 644; *Chapman* v. *Brewer,* 43 Neb. 890; *Smith* v. *Mason,* 44 Neb. 610.

The presumption must therefore be indulged that the by-law relied upon by the appellant is, under the law of South Dakota, unreasonable, void and of no effect; because that is the conclusion reached by the court of Nebraska. *Mixer* v. *M. W. A.,* 197 N. W. 129 (this case); *Garrison* v. *M. W. A.,* 105 N. W. 25; 178 N. W. 842.

The contract in suit should be construed and enforced according to the law of the place where made.

The record shows that the insured made application to the local camp at Elk Point, South Dakota, to become a

member thereof, and provided in his application that no right should accrue to him until he had been adopted and made the payments required at adoption, and that the certificate should only be delivered to him after adoption, all in accordance with the by-laws of the society; and the endorsement upon the certificate shows that this is what was done, and that when he was adopted into the local camp the certificate was delivered to him and he accepted it and paid the dues and charges required. So that all of the acts which made the certificate a contract took place in South Dakota, and not in the State of Illinois, the appellant acting by and through its local camp and the officers thereof as its agents, and the insured acting for himself. It is therefore quite immaterial that the Constitution of the United States provides that full faith and credit must be given to certain records and acts of each State when they become important in some other State.

The general rule is that the construction of a contract of insurance and the rights and obligations of the parties thereto must be determined by the law of the place where the contract is made. *Equitable Life Assurance Society* v. *Pettus*, 140 U. S. 228; *Mutual Life Ins. Co.* v. *Cohen*, 179 U. S. 263; *Supreme Council* v. *Meyer*, 198 U. S. 508; *Life Ins. Co.* v. *McCue*, 223 U. S. 234; *Ingersol* v. *Ins. Co.*, 156 Ill. App. 568; *Wilde* v. *Wilde*, 95 N. E. 295; *Green* v. *Supreme Council*, 124 N. Y. S. 398; *Head* v. *Ins. Co.*, 147 S. W. 827 (Mo.).

The rule of law in Nebraska is that seven years of unexplained absence is presumption of death, and this petitioner attempted by a private contract in the way of a by-law to change the law of Nebraska. Nebraska courts have held this by-law unreasonable. If Nebraska shall be compelled to follow the Illinois decision, then all foreign corporations will have an advantage over domestic corporations.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit by the beneficiary of a certificate issued by a fraternal beneficiary society incorporated in Illinois. The member to whom the certificate was issued was the plaintiff's husband and the ground of recovery is that the husband had disappeared and had not been heard of for ten years before this suit was brought. His expectancy of life according to the tables had not expired and the defence is a by-law of the Corporation to the effect that " long continued absence of any member unheard of shall not . . . give any right to recover on any benefit certificate . . . until the full term of the member's expectancy of life, according to the National Fraternal Congress Table of Mortality, has expired, . . . and this law shall be in full force and effect any statute of any state or country or rule of common law of any state or country to the contrary notwithstanding."

The only facts that need be mentioned are that the certificate seems to have been issued in South Dakota, although there was no allegation or proof concerning the law of that State, and that it was issued in 1901, while the by-law relied upon was not adopted until 1908. But the by-law has been held valid and binding upon the members of the Corporation by the Supreme Court of Illinois, although they had become members before the change. *Steen* v. *Modern Woodmen of America,* 296 Ill. 104. The Supreme Court of Nebraska affirmed a judgment for the plaintiff, seemingly, from the cases cited, on the ground either that the rule of evidence must be determined by the *lex fori,* or, more probably, that the by-law was unreasonable. 197 N. W. 129. The result is that if the validity of the by-law ought to be determined by the laws of Illinois, the plaintiff is allowed to recover upon a state of facts which the contract expressly stipu-

lates shall not give her that right. A writ of certiorari was issued by this Court. 265 U. S. 576.

The indivisible unity between the members of a corporation of this kind in respect of the fund from which their rights are to be enforced and the consequence that their rights must be determined by a single law, is elaborated in *Supreme Council of the Royal Arcanum* v. *Green,* 237 U. S. 531, 542. The act of becoming a member is something more than a contract, it is entering into a complex and abiding relation, and as marriage looks to domicil, membership looks to and must be governed by the law of the State granting the incorporation. We need not consider what other States may refuse to do, but we deem it established that they cannot attach to membership rights against the Company that are refused by the law of the domicil. It does not matter that the member joined in another State. In the above cited case Green became a member of a Massachusetts corporation in New York, and the State Court held on ordinary principles of contract that his rights were governed by New York law. *Green* v. *Royal Arcanum,* 206 N. Y. 591, 597. But the decision was reversed and it was held a failure to give full faith and credit to the Massachusetts charter as construed by the Massachusetts Court that Green was relieved by decree from paying assessments increased by the corporation after his contract was made. We are of opinion that the decision in that case governs this, and that the judgment must be reversed.

*Judgment reversed.*