### PARKER et al. v. PARKER.
#### No. 1356.

Circuit Court of Appeals, Tenth Circuit.
March 13, 1936.

V. N. Stinson and H. P. Vories, both of Pueblo, Colo., for appellant Minnie P. Parker.

Charles E. Sabin and Clyde T. Davis, both of La Junta, Colo., for appellant Mayer's Funeral Home, Inc.

Samuel D. Menin and E. N. Freeman, both of Denver, Colo., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

On February 28, 1934, the Brotherhood of Locomotive Firemen and Enginemen, a fraternal beneficiary association, hereafter called the Brotherhood, issued its beneficiary certificate to George A. Parker, in the sum of $1,000.

In it, Maxine Parker, his wife, was named as beneficiary.

The certificate in part provided:

"In the event of his death, satisfactory proof thereof having been furnished, as may be required by the Constitution, rules or regulations of said Brotherhood, and his claim for any physical injury or bodily ailment described in the said Constitution not having been previously paid, Maxine Parker, wife related to him as herein stated, is hereby designated as his beneficiary, and if the aforesaid member shall not have made a later designation of beneficiary as may be provided in said Constitution, the beneficiary named herein shall be entitled to receive from ·the beneficiary fund of the said Brotherhood the sum of One Thousand Dollars; provided that the beneficiary designated herein shall not acquire any legal, equitable or vested right or interest in and to the proceeds of this certificate which would prevent any change of beneficiary· herein in the manner provided in said Constitution. * * *

"This Certificate is issued upon the express conditions that the Constitution of the said Brotherhood may be altered or amended at any time hereafter, * * * and that the Constitution now in force, or as may be hereafter altered or amended, is and shall be a part of this contract in the same manner and to the same extent as if said Constitution, or alterations or. amendments thereto, were written herein."

Section 11 of the constitution of the Brotherhood in effect at the times hereinafter referred to, in part, provides:

"Sec. 11 (a). A member desiring to change his beneficiary, shall make such change in writing on the form printed on the back of the beneficiary certificate, and such change can be made without the consent of the beneficiary. Said cer-

tificate must be forwarded to the General Secretary and Treasurer by the member.

"(b) Beneficiaries shall not have, nor shall they acquire a legal, equitable or vested interest in, or to said certificates, or the proceeds thereof, so as to prevent any member from changing his beneficiary.

"(c) The member's signature thereto, shall be acknowledged before a notary public, or other officer authorized by law to take acknowledgments and such officer shall attach his official seal thereto, or having no official seal, a certificate issued by a court of record shall be attached, certifying that the officer administering the oath was duly qualified.

"(d) A change or transfer of beneficiary shall not be valid or have any binding effect until said certificate has been received by the General Secretary and Treasurer and by him cancelled, and a new certificate issued wherein the new designation of beneficiary shall appear. * * *

"(e) The member shall sign and make affidavit of such statement before a notary public or other officer authorized to administer oath, and such officer shall attach his official seal thereto, or having no official seal, a certificate issued by some court of record shall be attached certifying that the officer administering the oath was duly qualified; * * *

"(f) All beneficiary certificates issued by the General Secretary and Treasurer shall be forwarded to members through the office of the recording secretary in order that record of same may be kept."

On October 11, 1934, George A. Parker, in order to change the beneficiary in such certificate to his mother, Minnie P. Parker, filled out the form attached to the policy for that purpose, executed and acknowledged it before a notary public and forwarded it by United States mail, postage duly prepaid, to the Brotherhood at its home office at Cleveland, Ohio.

On October 12, 1934, Parker died at La Junta, Colorado.

On October 16, 1934, the general secretary and treasurer of the society cancelled the original certificate and issued a new certificate in which Minnie P. Parker was named as beneficiary, and forwarded it to the secretary of its local lodge at Pueblo, Colorado. The local lodge having learned of Parker's death, refused to deliver the certificate.

Thereafter, Minnie P. Parker made an assignment of $233.50 of the proceeds of the certificate to Mayer's Funeral Home, to pay the funeral expenses of Parker.

The Brotherhood filed a bill of interpleader and paid $1,015 into court. Maxine Parker claimed under the original certificate. Minnie P. Parker and Mayer's Funeral Home, as her assignee, claimed under the second certificate. The court awarded the fund to Maxine Parker, and Minnie P. Parker and Mayer's Funeral Home have appealed.

The Brotherhood is an unincorporated voluntary association, operating pursuant to the provisions of Title 9, div. 3, subdiv. 1, chapter 4, Ohio Gen.Code 1934 (section 9462 et seq.), the Uniform Fraternal Benefit Society Law, with its principal office in Cleveland, Ohio.

■ Since the Brotherhood is operating under the laws of Ohio, has its home office in that state, and there issued the beneficiary certificate, we are of the opinion the construction placed upon its constitution by the courts of that state is controlling.[1]

The reasons for adopting as the criterion for determining the rights and liabilities of members in a fraternal benefit society, the construction placed upon its constitution and by-laws by the courts of the state in which it was created or in which it has its home office and under the laws of which it operates, were stated in Supreme Council of Royal Arcanum v. Green, 237 U.S. 531, 542, 35

---

[1] Supreme Council of Royal Arcanum v. Green, 237 U.S. 531, 542, 543, 35 S.Ct. 724, 59 L.Ed. 1089, L.R.A.1916A, 771; Modern Woodmen v. Mixer, 267 U.S. 544, 551, 45 S.Ct. 389, 69 L.Ed. 783, 41 A.L.R. 1384; Wertheimer v. Travelers' Protective Ass'n (C.C.A.10) 64 F.(2d) 435, 436; Van De Water v. Order of United Commercial Travelers (C.C.A.2) 77 F.(2d) 331, 333; Haynes v. Fraternal Aid Union (D.C.Kan.) 34 F.(2d) 305; Supreme Council Catholic Benevolent Legion v. Gallery (C.C.A.7) 278 F. 500; Modern Woodmen of America v. Myers, 99 Ohio St. 87, 124 N.E. 48; note, 41 A.L.R. 1386.

In Modern Woodmen v. Mixer, supra, the court said:

"It does not matter that the member joined in another State."

S.Ct. 724, 727, 59 L.Ed. 1089, L.R.A.1916A, 771, as follows:

"Moreover, as the charter was a Massachusetts charter, and the constitution and by-laws were a part thereof, adopted in Massachusetts, having no other sanction than the laws of that state, it follows by the same token that those laws were integrally and necessarily the criterion to be resorted to for the purpose of ascertaining the significance of the constitution and by-laws. Indeed, the accuracy of this conclusion is irresistibly manifested by considering the intrinsic relation between each and all the members concerning their duty to pay assessments and the resulting indivisible unity between them in the fund from which their rights were to be enjoyed. The contradiction in terms is apparent which would rise from holding, on the one hand that there was a collective and unified standard of duty and obligation on the part of the members themselves and the corporation, and saying on the other hand that the duty of members was to be tested isolatedly and individually by resorting not to one source of authority applicable to all but by applying many divergent, variable, and conflicting criteria. * * * It was doubtless not only a recognition of the inherent unsoundness of the proposition here relied upon, but the manifest impossibility of its enforcement which has led courts of last resort of so many States in passing on questions involving the general authority of fraternal associations and their duties as to subjects of a general character concerning all their members to recognize the charter of the corporation and the laws of the State under which it was granted as the test and measure to be applied."

The fact that the Brotherhood is a voluntary association, and not a corporation, does not materially alter the situation. The rights of its members have their source in the constitution and by-laws of the association. The same intrinsic relation exists between the members. There is the same indivisible unity between the members in the fund from which their rights are to be enjoyed. The reasons, which require that the rights of members in a beneficiary association shall be determined by a single law, exist to the same extent when the organization is a voluntary association as when it is a corporation.

In Brotherhood of Locomotive Firemen and Enginemen v. Ginther, 35 Wyo. 244, 248 P. 852, 855, 252 P. 1026, and Rose v. Brotherhood of Locomotive Firemen and Enginemen, 80 Colo. 344, 251 P. 537, 538, 52 A.L.R. 381, the rule was applied to the Brotherhood.

The courts of the United States take judicial notice of the laws of any state, both statutory and as declared by the highest court of the state.[2]

In Arnold v. Newcomb, 104 Ohio St. 578, 136 N.E. 206, 208, the court construed the meaning and effect of provisions of the constitution of the Brotherhood, substantially the same as those here involved. In that case the member filled out, executed and acknowledged the form for changing the beneficiary, and delivered it with the certificate to the person designated as the new beneficiary. The latter after the member's death, forwarded the certificate and completed form to the general secretary-treasurer.

The court held a change in beneficiary could be validly effected by the cancellation of the old certificate and the issuance of a new one, designating the new beneficiary, after the member's death.[3]

In Brotherhood of Locomotive Firemen and Enginemen v. Ginther, supra, the court construed substantially the same

[2] Faris v. Hope (C.C.A.8) 298 F. 727, 728; Brown v. Ford Motor Co. (C.C.A. 10) 48 F.(2d) 732, 734; Laubenheimer v. Factor (C.C.A.7) 61 F.(2d) 626, 630; Judith Basin Land Co. v. Fergus County (C.C.A.9) 50 F.(2d) 792, 794; Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 29 L.Ed. 94.

[3] The court in the opinion said:

"Counsel for the defendants in error cite many cases of the courts of last resort of a number of states, notably California, Washington, Kansas, Illinois, New Hampshire, Vermont, Massachusetts, and New York, which hold that the interest of a beneficiary named in an insurance contract becomes a vested interest upon the death of the insured. This, of course, is true if the insured, under his undoubted right to change his beneficiary, has not effected a legal change during his lifetime, and this announcement is brought about in many of these cases, just as was done in the Illinois case, supra, by reason of the fact that the by-laws of the association provided that no change of beneficiary should be effective until the certificate was sent to the home office, canceled, and a new certificate issued, all during the lifetime of the insured. In the last analy-

provisions of the constitution of the Brotherhood as are here involved. There the member duly filled out, executed and acknowledged the form for changing the beneficiary, and after his death it was mailed to the Brotherhood with the proofs of death. The court held the change in beneficiary could be validly completed by the cancellation of the old certificate and the issuance of a new certificate, designating the new beneficiary, after the death of the member, and cited with approval Arnold v. Newcomb, supra. See, also, Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St. 109, 150 N.E. 748, 751.

The decree is reversed and the cause remanded with instructions to award the fund to Minnie P. Parker and the Mayer's Funeral Home in accordance with their respective interests and to tax the costs against Maxine Parker.

sis the solution of the question here must depend upon the application of these general rules of law to the provisions of the contract under consideration and a construction of the language used therein.

"In the first place, it is important to notice that in the by-laws of this association, time, or the happening of the event of death, is not made an element. Referring to section 8 of the by-laws, paragraph (a) gives the right to the member of changing his beneficiary in writing on the printed form on the back of the certificate without the consent of the original beneficiary, and further states that the certificate must be forwarded to the general secretary and treasurer. Nothing at all is mentioned about when either of these things may be done. * * * Paragraph (b) provides that no beneficiary shall acquire any interest in or to the certificate or the proceeds thereof so his beneficiary. Paragraph (c) provides the manner and form in which the beneficiary may be changed. * * * Paragraph (d) provides:

" 'A change or transfer of beneficiary shall not be valid or have any binding effect until said certificate has been received by the general secretary and treasurer and by him canceled, and a new certificate issued wherein the new designation of beneficiary shall appear.'

"The element of time and the happening of the event of death is still not made an element of the contract. * * *

"The insured did everything he could do in accordance with the terms of the contract to effect a change of beneficiary while he had the possession of the policy, * * * the home office received the certificate and canceled it, and this action was in strict accordance with the terms of the contract, and in no wise contrary to its terms. The association instead of taking further action declined so to do, acknowledged liability, and awaited the decision of a court of competent jurisdiction.

"We therefore find that the provisions of the contract were substantially complied with."