**KOHLER v. KOHLER et al.**

No. 8812.

Circuit Court of Appeals, Ninth Circuit.

May 23, 1939.

Rehearing Denied June 30, 1939.

T. H. MacDonald, of Helena, Mont. for appellant.

Wellington D. Rankin and Arthur P. Acher, both of Helena, Mont. (H. W. Pit-kin and John G. Bowes, both of Des Moines, Iowa, of counsel), for appellee Yeomen Mut. Life Ins. Co.

Paul W. Smith, David R. Smith, and J. Miller Smith, Jr., all of Helena, Mont., for appellee Clara Kohler.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the District of Montana, Yeomen Mutual Life Insurance Company, an Iowa corporation (hereafter called insurer), brought an interpleader suit against Clara Kohler, a citizen of Montana (hereafter called appellee), and Daisy S. Kohler, a citizen of Washington (hereafter called appellant), under § 24(26) of the Judicial Code, 28 U.S.C.A. § 41(26). From a decree in favor of insurer and appellee, this appeal is prosecuted.

Prior to May 1, 1932, insurer was a fraternal beneficiary association[1] called the Brotherhood of American Yeomen. Its lodges were called homesteads. One of its homesteads (No. 546) was at Helena, Montana. On July 26, 1923, insurer issued to James Victor Kohler (hereafter called decedent), a member of Homestead No. 546, a benefit certificate (No. 177,490) wherein appellant, the then wife of decedent, was designated as his beneficiary. The certificate provided that, upon receipt of satisfactory proof of decedent's death, insurer would pay his beneficiary a death benefit of $2,000. By the certificate, insurer's bylaws were declared to be a part of the contract between insurer and decedent. The bylaws provided:

"Sec. 113. Should any member in good standing desire to change his beneficiary or beneficiaries, he may do so by returning his certificate to the Local Secretary of his Homestead, together with his written request endorsed thereon for the proposed change, giving the name of the desired beneficiary or beneficiaries, together with their relation to the member. Said request shall be sent to the Secretary, and the Secretary shall endorse on said certificate said change and return said certificate to the said member.

"Sec. 114. If for any cause a beneficiary named in the certificate is barred by law from receiving the benefits provided for

---

[1] Iowa Code, 1897, § 1822; Supplement, 1913, § 1822; Codes 1924, 1927, 1931, § 8777.

in said certificate or in case the member makes his spouse the beneficiary in his certificate and said member and his spouse are divorced, or legally separated by order of a court of competent jurisdiction before the death of the member, and said member makes no other disposition of the benefits, then the benefits which said barred beneficiary would have taken, had he not been barred, or which the surviving spouse would have taken but for said divorce or order of separation, shall be paid to the person or persons who would have been entitled to receive the same if the beneficiary barred or divorced or spouse separated by order of court, as the case may be, had pre-deceased the insured and the insured had named no other beneficiary.
* * *

"Sec. 115. In case a benefit certificate is lost or destroyed or otherwise out of the possession or control of the member insured a new certificate may be issued upon the filing of a sworn statement and written request by the member with the Secretary who shall thereupon issue a duplicate certificate, provided the explanation contained in the sworn statement is satisfactory to the Secretary. The Secretary will furnish on request a proper form for said request and affidavit."

On February 20, 1929, decedent and appellant were divorced by decree of a State court of Montana, admittedly a court of competent jurisdiction. Theretofore, on the same date, decedent and appellant had made a contract for the settlement of their property rights. The divorce decree mentioned the contract and stated that the settlement effected thereby appeared to the court to be just and equitable. The contract provided, among other things: "That [decedent] agrees that he will pay the premium on a certain policy of life insurance in the sum of Two Thousand Dollars ($2,000) in which [appellant] is beneficiary and she shall remain the beneficiary, said policy of insurance being known as a Yeomen Beneficiary certificate." The certificate referred to was the one here involved. It was then, and remained thereafter, in appellant's possession.

Decedent was married to appellee on March 11, 1929. On September 9, 1930, he made a new contract with appellant and,

in connection therewith, paid appellant $1,000 in cash and gave her his promissory note for $3,000 payable in monthly installments of $50 each, commencing October 9, 1930. The trial court found that, by this contract, appellant, in consideration of said cash payment and promissory note, agreed, among other things, that she would give up and deliver to decedent the above mentioned certificate, and would renounce any right which she then had or claimed to have therein or thereunder. Appellant, if she made any such agreement, never complied with it. The certificate remained, thereafter as theretofore, in her possession.

On August 26, 1931, decedent executed and delivered to insurer an application for change of beneficiary, wherein he notified insurer that he thereby revoked the designation of appellant as his beneficiary, appointed appellee as such beneficiary, and requested insurer to acknowledge such change. Not having the certificate in his possession, decedent could not and did not return it to insurer, as provided in § 113 of the bylaws. On March 5, 1932, decedent executed and filed with insurer a sworn statement that the certificate was out of his possession, and requested insurer to issue him a duplicate certificate, as provided in § 115. This request was complied with on March 10, 1932. The change of beneficiary from appellant to appellee was acknowledged by insurer and by it endorsed on the duplicate certificate on March 11, 1932.

On May 1, 1932, insurer, by amending its articles of incorporation and otherwise complying with statutory requirements,[2] transformed itself into a legal reserve level premium life insurance company, with the name it now bears, but existing contracts, including the one here involved, were unaffected by the change.[3]

Decedent died on May 9, 1933. Appellant and appellee each made proof of his death, each claimed to be entitled to the death benefit of $2,000, and each demanded payment thereof. Having deposited that amount in the registry of the court, there to abide the judgment of the court, insurer, on January 19, 1934, filed its bill of interpleader. Both defendants answered, each claiming the $2,000. The case was heard on January 22, 1936. A decree was entered on June 21, 1937.[4]

---

[2] Iowa Code 1931, §§ 8869–8883.

[3] Id., § 8882.

[4] This appeal was taken on June 26, 1937, but no transcript of the record was

filed here until May 12, 1938. The transcript then filed was defective, in that essential portions of the record were omitted. Discovering the defect after

The decree was that insurer be discharged from further liability; that appellant and appellee be permanently enjoined from instituting or prosecuting any suit or proceeding against insurer on the certificate; that a solicitor's fee of $150 and other costs in the sum of $51.73 be allowed and paid to insurer out of the $2,000 in the registry of the court; that the clerk's statutory fee of $20 (1% of $2,000)[5] be paid from the same source; that the balance of the $2,000 be paid to appellee; and that appellee have and recover of appellant $170 and costs in the sum of $16.83.

The decree must be affirmed. The change of beneficiary from appellant to appellee was in conformity with insurer's bylaws and was valid and effective, notwithstanding the contract of February 20, 1929, between decedent and appellant, wherein decedent agreed that appellant should remain his beneficiary. Insurer being a fraternal beneficiary association incorporated in Iowa, the rights of its members and beneficiaries must be determined by the laws of that State. Supreme Council of the Royal Arcanum v. Green, 237 U.S. 531, 542, 35 S.Ct. 724, 59 L.Ed. 1089, L.R.A. 1916A, 771; Modern Woodmen of America v. Mixer, 267 U.S. 544, 551, 45 S.Ct. 389, 69 L.Ed. 783, 41 A.L.R. 1384. With respect to such associations, members and beneficiaries, and with respect to death benefits such as the one here involved, an Iowa statute (Codes, 1924, 1927, 1931, § 8788) provided: "No beneficiary shall have or obtain any vested interest in said benefit until the same has become due and payable upon the death of said member."

Thus, insofar as it purported to give appellant a vested interest in the death benefit here involved, the contract of February 20, 1929, was illegal and void. The fact, if it be a fact, that, notwithstanding her divorce, appellant was dependent upon decedent, is immaterial. Section 8788 makes no exception in favor of dependents.

Appellant complains of the trial court's finding that, by the contract of September 9, 1930, appellant agreed to relinquish the certificate and all her rights thereunder. The evidence, though conflicting, amply supports the finding. We conclude, therefore, that, assuming its validity, the contract of February 20, 1929, insofar

as it related to the certificate, was abrogated by the contract of September 9, 1930.

Insurer and appellee were not parties to the contract of February 20, 1929, and, consequently, were not bound thereby. That contract was binding, if at all, only on decedent and appellant. If, as claimed by appellant, the contract was valid and was breached by decedent, her remedy was against him or his estate. Decedent was not, nor was his estate, a party to this litigation.

Allowance of a solicitor's fee as a part of insurer's costs was proper. Massachusetts Mutual Life Insurance Co. v. Morris, 9 Cir., 61 F.2d 104, 105; Treinies v. Sunshine Mining Co., 9 Cir., 99 F.2d 651, 655. The fee allowed ($150) was reasonable. Total costs taxed in the case were $238.56. The decree, in effect, divided the costs between appellant and appellee, requiring appellant to pay $186.83 and appellee $51.73. Appellant might properly have been required to pay the entire amount. Obviously, she was not prejudiced by the division.

Decree affirmed.

---

the case had been argued, this court, on December 19, 1938, ordered a supplemental transcript to be filed. The order

was not complied with until May 1, 1939.
[5] Act of February 11, 1925, c. 204, § 8 (8), 43 Stat. 858, 28 U.S.C.A. § 555(8).