The delayed motion for rehearing will not be considered.

SUPREME LODGE ANCIENT ORDER OF UNITED WORKMEN v. KEMPER.

No. 3679.

Court of Civil Appeals of Texas. Beaumont.

July 23, 1941.

Rehearing Denied Oct. 8, 1941.

Glover Johnson and McLean & Scott, all of Fort Worth, for appellant.

Kemper, Hicks & Cramer, of Houston, and Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellee.

COMBS, Justice.

This suit is for recovery of all premiums paid on a policy of life insurance with interest at the legal rate, or in the alternative for damages, for breach of the policy contract by the insurer.

On the 23d day of December, 1897, appellant, Supreme Lodge of Ancient Order of United Workmen, a corporation duly and legally incorporated under the laws of the State of Texas, and authorized to write life insurance on the fraternal plan, a fraternal benefit association within the meaning of the Texas statutes, issued to Thomas J. Kemper its certificate of life insurance in the amount of $2,000. On the 1st day of March, 1933, on a showing that the original certificate had been lost, appellant issued to the insured a new certificate on which at his then age of 69 years he paid a monthly premium of $8.40. The insured accepted his certificate on the agreement that "Compliance on my part with all the laws, regulations and requirements which are, or may be hereafter enacted by said Order, is the express condition upon which I am entitled to have and enjoy all of the rights, benefits and privileges of said Order"; and in which application it was stated that "The rates and plan of assessment, as prescribed in Section 2, Article VI, Grand Lodge Constitution, may be changed, altered or amended at the pleasure of the Grand Lodge." Article 210 of appellant's constitution and by-laws provides: "It is hereby expressly declared that this Grand Lodge adopting the level rate plan and classified rate plan, does so with the express understanding that such plans may be changed by the Supreme Lodge, and all members and all persons joining under these plans, or either of them, hold their membership with the express understanding that such plan or plans may be changed, altered or amended at the pleasure of the Supreme Lodge."

On the unquestioned showing that the premiums paid by the insured were not sufficient to mature its policies, and unless granted relief it faced insolvency, appellant, with the permission of the Insurance Department of the State of Texas—in fact at its orders—in 1936 on an actuarial basis made assessments against all the policies issued by it secured by liens on the policies, the amount of the assessment to bear interest at four per cent per annum compounded annually. The amount of the assessment against Thomas J. Kemper's policy was $660, as of date the 1st day of March, 1936; on the 2d day of March, 1936, Mr. Kemper was advised of the amount of the assessment against his policy, of the conditions under which it was made, and of the authority by which it was made. On the 9th day of September, 1936, Mr. Kemper wrote appellant, through his son who was his attorney, as follows:

"Accordingly, on behalf of my father, you are advised by me, as his attorney, of his election to accept your refusal to comply with his policy contract by your affixation thereon of such assessment lien and its consequent reduction of the amount of the policy, as your repudiation of the policy contract. Hence, he refuses to pay any further premiums, and will resort to such remedies as the law accords him for your breach thereof.

"Therefore, he demands that you refund to him all dues, premiums and sums heretofore paid, from the date of his original 'application for Beneficiary Certificate' of September 20 1897, together with interest thereon at the rate of 6% per annum from the respective dates of each and every such payment.

"Yours very truly,
"Sgd. W. L. Kemper."

On this theory of the breach of his policy by appellant, on the 8th day of December, 1938, Thomas J. Kemper filed this suit against appellant, pleading the breach, and his measure of damages as being the premiums paid by him, with interest thereon at six per cent per annum. As an alternative plea he alleged: "In the alternative, plaintiff shows that he is entitled to recover damages occasioned by the breach of the defendant's contract as hereinabove shown, computed in such manner as the

law requires, and which damages he shows to be $2,000.00."

Thomas J. Kemper died on the 30th day of April, 1939, and his son, appellee, W. L. Kemper, independent executor of his estate, was substituted as plaintiff. On the 3d day of July, 1939, appellee filed the following trial amendment: "Thomas J. Kemper died on April 30, 1939. Therefore, he desires to amend the petition filed herein by the plaintiff, Thomas J. Kemper, to so alleged, and to plead as a part of the alternative measure of damages set up in the plaintiff's petition, that said Thomas J. Kemper has no life expectancy and that the court should consequently allow the face amount of the policy, less premiums from Sept. 1936 to April, 1939, at the rate of $8.90 per month, with interest; and therefore prays accordingly and otherwise as in the original petition herein."

Appellant's defenses were that under the certificate of insurance and its by-laws it was authorized to make the assessment, and that appellee's cause of action, if any he had, was barred by the statute of limitation of two years. Article 5526, R.C. S.1925. On trial to the court without a jury, judgment was for appellee against appellant for all premiums paid by the insured with interest, amounting to $4,341.20, from which appellant duly prosecuted its appeal to the Dallas Court of Civil Appeals. The case is on our docket by order of transfer by the Supreme Court.

### Opinion.

 Appellant breached its certificate of insurance with Thomas J. Kemper by its attempt to make the assessment against his policy of life insurance and to force him to accept the assessment, thereby reducing the principal amount of his policy by the amount of the assessment and accumulated interest. The law will enforce the contractual right of a life insurance corporation to increase the amount of the monthly assessments against its members, Supreme Lodge K. of P. v. Mims, Tex.Civ. App., 167 S.W. 835. But the right to increase assessments does not authorize the corporation to diminish the amount payable under its certificate. The law on this point is thus stated by Cooley's Briefs on the Law of Insurance, Vol. 2, pp. 1181, 1182: "In view of the general power of a mutual benefit association to enact laws for its own government, the members are generally bound by amendments or altera-

tions of the laws made in accordance with the fundamental laws of the association and to which they have assented, so long as they relate only to the business methods of the association and the general duties of the members. Under the reservation of power to amend or alter the laws, or an agreement by the members to comply with the laws, thereafter enacted, the association may, for the good of the order, adopt laws which affect the contract, so long as they are reasonable and in harmony with the general purpose and policy of the association; but the association cannot bind the members by laws which materially alter or diminish the value of his contract, or impair his vested rights."

So, while appellant had the right to increase the amount of the monthly assessments against the Thomas J. Kemper policy, it did not have the right to reduce the amount of the certificate by fixing the assessment against it. On this point our Supreme Court, in Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438, 442, said:

"That the stipulation or promise in a contract, such as is the basis of this action, that the insured will comply with and be bound by all future regulations or by-laws of the association, does not mean that the society may interfere with the essential purpose of the contract, viz., the payment of the indemnity promised, or in other words, cannot be construed as authorizing the society to repudiate a plain contract is clearly settled there is no doubt. * * *

"The distinction between reducing by means of a by-law or an amendment the amount stipulated in the most unqualified terms to be paid, and merely increasing by a by-law dues or assessments to such extent as is necessary to meet the exigencies ensuing out of the changed financial condition of the association brought about by decrease in membership, by death or other causes, is obvious.

"The first is a violation and repudiation of an unambiguous contract, while the other is not."

These authorities support the trial court's conclusion that appellant breached its contract of insurance with Thomas J. Kemper.

██ ██ On the breach of his contract, the general rule subject to the exception hereinafter noted, is that Thomas J. Kemper had the right to sue on appellant's

implied promise to return all premiums paid by him, with interest. Illinois Bankers' Life Assurance Co. v. Payne, Tex.Civ. App., 62 S.W.2d 315. He alleged this cause of action and judgment was rendered thereon in his favor. But appellee's cause of action, being on an implied promise, was subject to the statute of limitation of two years. Texas Mut. Life Ins. Ass'n v. Boyd, Tex.Civ.App., 89 S.W.2d 821; Supreme Council A. L. H. v. Daix, 3 Cir., 130 F. 101. The breach alleged by appellee was of September 9, 1936; Thomas J. Kemper filed this suit December 12, 1938; therefore the court erred in overruling appellant's plea of limitation against appellee's cause of action for a return of the premiums.

■■■ But appellee's cause of action on the policy for the loss sustained by reason of the breach was not barred by limitation. What were his damages on this account, plead alternatively? As a member of the appellant corporation, Thomas J. Kemper was in fact both an insurer and the insured. The fact that he paid premiums as a contribution towards the maturity of all the policies issued by appellant made him an insurer, and the fact that his policy was to be paid from these general contributions made him one of the insured. It is the law that all members of a fraternal order, wherever situated, must have the same rights and the same duties. Modern Woodmen v. Mixer, 267 U.S. 544, 45 S.Ct. 389, 69 L.Ed. 783, 41 A.L.R. 1384. While appellant did not have the right to make the assessment against the Kemper policy, it did have the right, under its contract with him, to increase the amount of the monthly assessments against his policy to an amount which on an actuarial basis would have matured the policy for its face value. When Mr. Kemper refused to accept the assessment against his policy, as an alternative remedy, appellant should have increased his monthly premiums. It would have violated public policy and all the fundamental principles of sound insurance to permit Mr. Kemper to continue paying his monthly premiums in the amount of $8.40, after an assessment had been made against all the other policy holders. In fact, these assessments restored appellant to a solvent condition, that is, enabled it, on an actuarial basis, to mature its policies as charged with these assessments. All members of an insurance association "must have the same right"— the right to receive the full amount of their policy contracts—and "the same duties," that is the obligation to pay the same assessments, subject to the difference in the ages of the insured. Since Mr. Kemper refused to accept the assessment, then he was bound in law to assume in some way an equal burden with the other insured, and the only lawful way by which this burden could have been imposed upon him was by increasing his assessments.

■■ Appellee's measure of damages for breach of the policy contract is the face value of the policy, less monthly assessments to be found by the court, making his insurance burden, on an actuarial basis, equal with that of all the other policy holders, from the breach of the contract to Mr. Kemper's death. There is no contract provision authorizing the court to fix the monthly assessments, but this power is vested in it by equity that appellee may not secure an undue advantage over other members of the appellant corporation, and that he may have his just, legal rights and nothing more.

■ We will add here, that even if we be mistaken in our holding that appellee's cause of action for recovery of the premiums was barred by limitation, still we think equity would deny that remedy and confine appellee to his remedy of damages for the breach. The unquestioned facts show that it was necessary for appellant to make assessment against its policy holders to avoid insolvency, that it had no funds to pay claims against it except those derived from such assessments. It had the right to make adequate assessments but breached the contract only in attempting to fix a lien against the policy thus reducing the face value of it against the consent of the policy holder. Appellee's cause of action for return of the premiums, amounting to more than twice the face value of the policy, would be so manifestly inequitable and unjust to all other members of the Association that equity would deny that relief. As we have held, appellee has a legal remedy in damages for the breach of the policy contract. We think that remedy is just and adequate and affords him all relief available to him consistent with the terms of the policy and the nature of the Association.

The judgment of the trial court is reversed and the cause remanded with instructions to ascertain the amount of pre-

miums which Mr. Kemper would have paid on a fair actuarial basis, from the time of the breach to the date of his death and enter judgment for plaintiff for the face amount of the policy less the amount of premiums so found.

Reversed and remanded with instructions.