Leo MARKOVITZ, Louis Markovitz, Joe Markovitz, Edward Markovitz and Charles Klamen, (Plaintiffs) Respondents,

v.

BRITH ABRAHAM FRATERNAL ORDER CHARLES WERNER BANNER LODGE No. 114, I. B. A., (Defendant) Appellant.

No. 30998.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

Motion for Rehearing or to Modify Opinion or to Transfer to Supreme Court Denied Nov. 20, 1962.

Herman Schachter and Douglas Mac-Leod, St. Louis, for appellant.

Marvin Klamen, Clayton, for respondents.

WILLIAM M. KIMBERLIN, Special Judge.

This suit was instituted in the Magistrate Court, Second District, St. Louis County,

Missouri, by plaintiffs, to recover on a death benefit certificate issued to Rosa Markovitz by the defendant, a Jewish Fraternal Society. The plaintiffs are the children and beneficiaries of Rosa Markovitz, a member of the defendant fraternal order, who died on April 6th, 1959. It was alleged the total amount of the death benefit was $500.00; that the defendant had vexatiously refused to pay for which plaintiffs were entitled to ten per cent thereof as damages and for reasonable attorney fees in the amount of $250.00. Plaintiffs recovered a blanket judgment of $650.00. Defendant appealed to the Circuit Court of St. Louis County.

Thereafter and on December 14th, 1960, plaintiffs filed in the Circuit Court a motion for summary judgment and attached thereto a supporting affidavit. The defendant on February 7th, 1961, filed an opposing affidavit. The defendant did not file a pleading either in the Magistrate Court or in the Circuit Court.

The facts of the case are contained in the two affidavits and are not in dispute as reflected by the stipulation of the parties hereinafter set out. The facts as set forth in the two affidavits will be taken by the Court to be true.

The plaintiff's affidavit in support of the motion for summary judgment was made by Leo Markovitz and stated in substance that he was the natural son of Rosa Markovitz; that he had resided with his mother since his birth on November 30th, 1909, to the time of her entry into the hospital shortly prior to April 6th, 1959, which was the date of her death; that Rosa Markovitz could neither read nor write English and that he received and read all mail addressed to his mother and answered all of her correspondence; that she became a member of the defendant fraternal order and society in October, 1905; that the certificate of membership was delivered to her in the State of Missouri, and that all premiums and assessments due have been paid and were paid by the decedent in the State of

Missouri; that at the time of becoming a member said society provided for death benefits of $500.00, payable to certain designated beneficiaries as long as said beneficiaries were within a class acceptable to said association and that all of these plaintiffs are her children and are qualified beneficiaries; that the amount of said dues and assessments were based upon mortality losses for a prior period and were billed directly to each member and that they averaged about $32.00 annually; that during her period of membership deceased paid the approximate sum of $1700.00 and had not been in default or in lapse of payment at any time; that the decedent was not present at the 56th annual convention held by the organization wherein Class A resolution was adopted and was never advised of the results of such meeting and has never ratified, affirmed or approved of such action; that under the terms of the resolution defendant has attempted to reduce the benefits of said policy of insurance from $500.00 to $250.00.

The defendant's opposing affidavit was made by Herman Schachter, an attorney of St. Louis, Missouri, who for many years has been a delegate to the Grand Lodge of the Order of Brith Abraham, a fraternal insurance society organized under the laws of the State of New York representing the St. Louis subordinate lodge of said Order Brith Abraham, which subordinate lodge is known as the Charles Werner Banner Lodge No. 114. The deceased was a member of this lodge. In substance it states he was present at the 56th annual convention of the organization held at Saratoga Springs, New York, in June of 1943 at which was adopted the resolution known as "Class A Resolution"; that this Jewish fraternal association was organized in 1887 under the laws of the State of New York; that said order is governed by the constitution and by-laws which provide that the governing body of the order shall be the United States Grand Lodge; that said constitution provided for classification of members and designates Class A membership

as being those holding death benefit certificates and paying assessments for death benefits by a proportionate assessment, after the accrual there of post mortem assessment plan; that Rosa Markovitz was a member of the Order of Brith Abraham at the time of her death, being a Class A membership certificate holder; that said certificate provides also in certain events therein stated for the payment of a lesser amount than the sum of $500.00; that upon the death of Rosa Markovitz the society made payment to the beneficiaries provided for by the by-laws and constitution of the order in accordance with the Class A Resolution adopted on June 28th, 1943; the affiant attached to the affidavit three documents, the constitution and by-laws of the society, a copy of the certificate of membership and a statement showing the method of post mortem assessment.

Section 9 of Article 13 of the constitution and by-laws of the defendant society adopted in 1928 reads as follows:

"Every beneficial member of this Order and each beneficiary shall be bound by the laws, rules and regulations of this Order in force at the time of the admission of such member, and to all changes, alterations and amendments thereto which may be thereafter made or adopted, and all beneficial certificates or other certificate issues by this Order shall at all times be subject to such changes, alterations, amendments and modifications as to terms, payments, assessments, taxes, conditions of payments and contingencies in which the same be payable, as the laws, rules and regulations of the Order may from time to time provide."

The pertinent portion of the Class A Resolution adopted at the 56th annual convention in Saratoga Springs, New York, on June 28th, 1943, is as follows:

"NOW, THEREFORE, BE IT RESOLVED:

1. That each member in Class A hereby is assessed, and shall pay to the Order on or before September 1, 1943 the sum of $250.00 per $500.00 death benefit certificate, and pro rata with respect to death benefit certificates in lesser amounts, and, until paid, such assessments shall be and hereby are declared to be a lien and charge against such member's death benefit certificate, without interest, and shall be deducted by the Order out of moneys, or first moneys, payable by or through the Order under said death benefit certificate."

The certificate of membership issued to Rosa Markovitz will not be set out verbatim but it contained, among others, the following pertinent clause:

"And is entitled to all the benefits provided for by the constitution and laws of said order, as a member, subject however, to compliance by the said member, at all times, with the constitution and laws of said order, and said lodge, as they now exist or as they may hereafter be amended, altered, or modified, all of which are to be taken as part hereof."

On February 15th, 1961, the parties filed the following memorandum:

"Motion argued. Facts stated in affidavit of Herman Schachter stipulated as true. No factual issue present or presented. Motion heard as submitted and taken under advisement.

"RGJH
"2/15/61

"/s/ Herman Schachter,
 "Atty. for Defendant
 "/s/ Marvin Klamen,
 "Attorney for Plaintiffs."

The trial court sustained the motion for summary judgment and entered a judgment for plaintiffs in the amount of $500.00 on the certificate, $50.00 for damages for vexatious delay, and $200.00 for attorney fees, making a total judgment for the plaintiffs in the amount of $750.00. The defendant's

motion to set aside the judgment and to enter judgment in favor of the defendant was overruled. The defendant thereafter perfected appeal to this court.

The crux of this controversy is whether the Class A Resolution, assessing a reduction of the $500.00 death benefit and declaring a lien on the certificate if the assessment is not paid, is valid and enforceable as against these plaintiffs. It is the considered view of this court that it is valid and enforceable.

The underlying principle, relative to death certificates issued by fraternal benefit societies, which is determinative of this case is enunciated by the United States Supreme Court in the case of Sovereign Camp W.O.W. v. Bolin et al., 305 U.S. 66, 59 S.Ct. 35, 83 L.Ed. 45. The Bolin case originated in Missouri and went to the highest court in the land on writ of certiorari to the Kansas City Court of Appeals. In the course of the opinion at loc. cit. page 38 of 59 S.Ct. it was stated:

"The beneficiary certificate was not a mere contract to be construed and enforced according to the laws of the state where it was delivered. *Entry into membership of an incorporated beneficiary society is more than a contract; it is entering into a complex and abiding relation and the rights of membership are governed by the law of the state of incorporation. Another state, wherein the certificate of membership was issued, cannot attach to membership rights against the society which are refused by the law of the domicile."* (Emphasis supplied.)

It was further stated by Mr. Justice Roberts in this opinion at loc. cit. page 39 of 59 S.Ct., as follows:

"The court below was not at liberty to disregard the fundamental law of the petitioner and turn a membership beneficiary certificate into an old line policy to be construed and enforced according to the law of the forum. The decision that the principle of ultra vires contracts was to be applied as if the petitioner were a Missouri old line life insurance company was erroneous in the light of the decisions of this court which have uniformly held that the rights of members of such associations are governed by the definition of the society's powers by the courts of its domicile."

See also Modern Woodmen of America v. Mixer, 267 U.S. 544, 45 S.Ct. 389, 69 L.Ed. 783.

The Missouri Supreme Court has spoken upon the subject of the relationship between the members of a fraternal insurance society and the corporate entity itself. In the case of Clark v. Security Benefit Association, 343 Mo. 263, 121 S.W.2d 148, at loc. cit. page 151, the Court En Banc stated:

"Speaking of the legal relationship existing between a mutual assurance society and its members, Korn v. Mutual Assurance Society, 6 Cranch 192, 201, 3 L.Ed. 195, 199, states: 'Every member, in fact, stands in the peculiar situation of being party of both sides, insurer and insured'; and the instant issues extend beyond those ordinarily involved in an action ex contractu; for instance, actions on insurance policies wherein the policy within itself contains in express words all the legal contractual relationships involved; *because the legal relationship between plaintiff and defendant embraces not only the benefit certificate but the correlative rights and obligations between defendant, as a corporate entity, and plaintiff as a member of said entity under the constitution, laws and charter of the corporation."* (Emphasis supplied.)

Another Supreme Court case, Robertson v. Security Benefit Association, 342 Mo. 284, 114 S.W.2d 1009, announces the same principle. See Achtenberg v. Sovereign Camp of W. O. W., 346 Mo. 927, 144 S.W.2d 73;

Reece v. Security Benefit Association, 344 Mo. 29, 124 S.W.2d 1146.

 Therefore, it is abundantly clear the correlative rights and obligations as between the members of a fraternal benefit society and the society itself, as a corporate entity, are established by the constitution, by-laws and charter of the society and these are construed and governed by the laws of the State of Incorporation. The definitive rights of the members are created by the constitution and by-laws of the society and the certificate itself. All three instruments are governed and controlled by the laws of the State of Incorporation. In the instant case it is New York.

This cause was not determined in the Magistrate Court nor lodged in the Circuit Court until after April 1, 1960, the effective date of the "Rules of Civil Procedure" adopted by the Missouri Supreme Court. Under the allegations and evidence before the trial court there was raised a genuine issue for trial which required the trial court under "Civil Rule 55.23(b), V.A. M.R.," to take judicial notice of the public statutes and judicial decisions of the State of New York.

The certificate of insurance issued to Rosa Markovitz specifically provided that it was subject to the constitution and by-laws of said order and lodge as they now exist or as they may hereafter be amended, altered or modified, all of which were to be taken as a part of the membership certificate.

The Resolution is lengthy and will not be set forth in detail in the interest of brevity. The resolution states in effect that the society was in a precarious financial condition and that the conditions affecting Class A membership were extraordinary and therefore the levying of an extraordinary assessment on the members was necessary and imperative in order to protect the interest of all of the members in Class A. It is not questioned by the plaintiffs but that the defendant had authority and power under its constitution and by-laws to pass the Class

A Resolution. They do contend it was not binding on the plaintiffs under the Missouri law.

It must be conceded before this Class A Resolution is valid and binding on the plaintiffs, as beneficiaries under the membership certificate, that it must not be in violation of the New York law. As a matter of fact, the evidence shows that the Insurance Department of the State of New York had inquired into the conditions and affairs of the defendant society, and had made certain recommendations relative to Class A membership. At the 1943 convention the reasons for the changes in benefits recommended by the Insurance Department and the necessity therefor were fully explained to the delegates and the convention then passed the resolution carrying out the recommendations of the Department.

The New York Statutory Law, Sec. 465, subd. 5 of the Insurance Law of New York, McKinney's Consol.Laws, c. 28, in force at the time sanctioned and authorized the reduction of benefits.

 Plaintiffs contend that Rosa Markovitz did not consent to the reduction of benefits nor did she ratify, affirm or approve such reduction. She paid the assessments in a reduced amount from the effective date of the resolution to the date of death in April, 1959, which was for a period in excess of 15 years. Under New York case law she was as a matter of law chargeable with notice as a member of the society of its constitution and by-laws (in this instance Resolution) and it was not necessary to establish actual receipt of such notice. Everett v. Supreme Council, Catholic Benevolent Legion, 236 N.Y. 62, 139 N.E. 780. Certainly, after payment of the new and reduced assessments for so many years after being chargeable with notice her consent and ratification can be implied.

The Resolution dealt with the financial structure and management of the monetary affairs of the association and of the duties

of the members of the society which were for the mutual benefit of all of the members including Rosa Markovitz. This is true because of the nature of the organization and the legal relationship existing between the members of a fraternal society and the entity itself as explained in the Bolin and Clark cases, supra.

■ It is the considered judgment and view of this court that this Class A Resolution was applicable to the certificate of membership held by Rosa Markovitz and is valid and binding on the plaintiffs in this case.

It is the contention of these plaintiffs that the New York law is not controlling and that the certificate is a Missouri contract to which the laws of this state apply and govern.

■ Assuming the certificate is to be regarded as a Missouri contract for the purpose of the interpretation of the terms of the contract, and that the laws of Missouri are applicable, still this does not mean that plaintiffs should prevail in the instant case. The crucial issue in this case does not hinge upon an interpretation of the terms of a contract as such, but rather upon the right and authority of the society to reduce the benefits by assessment under the applicable law. The ruling of this court is that under the New York law this procedure was valid. The Resolution was not in violation of the Missouri laws relative to fraternal benefit associations. Chapter 378 V.A.M.S., contains certain provisions requiring these type of societies to keep in sound financial condition. Furthermore, the holding of this court does no violence to the rule against the impairment of the obligations of a contract. This line of cases is not analogous to the one at bar where, because of the precarious financial condition of the society, an assessment is made by the society on the individual members for their mutual protection. The Class A Resolution was adopted for the purpose of re-storing the society to solvency. The certificate in the instant case specifically provides for the payment by the members of all dues, assessments and taxes in the manner provided for by the laws and constitution of the society and to pay the death benefit to the beneficiaries upon the death of the member, if at the time the member was in good standing and shall have complied with the said constitution and by-laws. The reduction of the amount due upon death was done by assessment which under the constitution and by-laws of the society and the applicable law of New York the defendant had the legal right to do.

By virtue of the stipulation of the parties the summary judgment procedure employed by plaintiffs pursuant to "Civil Rule 74.04, V.A.M.R.," was proper. "Civil Rule 74.04(c), V.A.M.R.," provides, "Summary judgment, when appropriate, may be rendered against the moving party." For the reasons set forth herein this court is of the opinion that it would have been appropriate for the trial court to have entered judgment for the defendant and against the plaintiffs, who were the moving parties.

Accordingly, the judgment should be reversed. However, the defendant is liable to plaintiffs for the reduced amount of death benefit which is $250.00. From a reading of the transcript and briefs the status of the checks, which were issued by the defendant in favor of the individual plaintiffs in the total sum of $250.00 is unclear. Therefore, this cause is remanded to the trial court with instructions to said court to enter judgment in favor of plaintiffs and against the defendant in the amount of $250.00.

Judgment of the trial court should be reversed and cause remanded. It is so ordered.

ANDERSON, P. J., and MARSHALL CRAIG, Special Judge, concur.