## BROTHERHOOD OF RAILROAD TRAINMEN v. SMITH.

No. 1012.

Court of Civil Appeals of Texas. Waco.
Feb. 12, 1931.

Rehearing Denied March 19, 1931.

Tom J. McGrath, of Cleveland, Ohio, and E. C. Street, of Waco, for appellant.

John N. Gauntt and N. B. Brown, both of Waco, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellee, Archie C. Smith, against appellant, Brotherhood of Railroad Trainmen, a voluntary unincorporated association, to recover on a benefit certificate issued by it to him. Appellee alleged that appellant, by the terms of said certificate, agreed, in event he should sustain an injury resulting in total and permanent disability, to pay to him the sum of $2,800. He further alleged that by the terms thereof the severance of an entire foot at and above the ankle joint should constitute such disability; that thereafter he sustained such injury; that his left foot was completely severed from his body between the ankle and kneejoint, and that he was thereby totally and permanently disabled within the terms of such certificate. He further alleged that he had made demand on appellant for the payment of said sum, and that payment had been refused. Based on such allegations he sought to recover liquidated damages and also attorney's fees in the sum of $750, which amount he alleged was reasonable. Appellant alleged that appellee had been expelled from the order for nonpayment of dues; that he had never been reinstated, and that the certificate sued on by him had been thereby forfeited and had become null and void. Appellant further alleged that it was a fraternal benefit society, and that it limited its membership to persons engaged in one hazardous occupation, that of service on the trains or in the yards of steam and electric railways.

The case was tried by the court without a jury, and judgment rendered in favor of appellee against appellant for the sum of $2,-800, with interest from June 7, 1929, the date of appellee's demand for payment and the refusal thereof. There was no request for findings of fact and conclusions of law, and none were filed.

Opinion.

Appellant by a group of propositions assails the judgment of the court on the ground that same is without support in the evidence and contrary thereto. Appellant's specific contention in this connection is that the evidence is insufficient to justify the trial court in holding that appellant had waived the admitted forfeiture of appellee's benefit certificate and his failure to comply with its requirements for reinstatement by his local lodge. Appellant, according to an agreement made in open court and incorporated in the statement of facts as evidence, is a fraternal benefit society, having a lodge system consisting of a supreme body and local lodges. Appellee, on and before December 1, 1928, was a member of one of such local lodges and as such held the benefit certificate sued on. He was in good standing, and said certificate was admittedly then in full force and effect. He did not on or before said date pay dues and assessments for the month of January, 1929, as required by the laws of the order. By reason of such failure he was by the terms of such laws automatically expelled from the order and his benefit certificate forfeited. He made no further payment of dues or assessments until the latter part of February, 1929. The testimony concerning such payment, the receipt thereof by the collector of the local lodge, and his subsequent action in the premises, is sharply conflicting. The finding of the trial court in favor of appellee being general, every issuable fact must be considered found in his favor, if there is any evidence to support such finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention and considering only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, pars. 2 and 3. No useful purpose could be served in reciting and commenting upon the conflicts in the testimony. Measured by the standard above recited, there is testimony to sustain implied findings by the court, in substance, that appellee, at Navasota, Tex., on the 26th day of February, 1929, wrote and signed his check for $30 on a bank situated in Mart, Tex., where his local lodge of the order was situated and where its collector resided, and made the same payable to such collector; that he inclosed said check in an envelope, duly stamped, and addressed to said collector; that about 12:10 a. m. on February 27th he deposited said envelope in

the mail box in a mail car of a north-bound train; that the envelope inclosing said check should have reached the post office at Mart some time in the morning of the 27th; that it did actually reach said post office and was received by said collector on the 27th or 28th day of February, and before appellee sustained the accident which resulted in the loss of his foot; that there was a notation on said check, in substance, that the same was to be applied to the payment of appellee's dues and assessments in the order for the months of January, February, March, and April, 1929; that said collector made no complaint of the fact that such remittance was by check, but accepted and retained the same; that thereafter on the 5th day of March, 1929, said collector, with full knowledge that appellee had sustained an accident, and that his foot had been amputated as a result thereof, presented said check to the bank on which it was drawn for payment; that said bank claimed that appellee had on deposit at that time only the sum of $27.-80; that said collector accepted said sum and surrendered said check to the bank; that he retained the entire amount received from the bank until the 21st day of March thereafter, at which time he deposited to appellee's credit in the bank $11.40 of said amount; that the remainder thereof has never been returned to nor tendered to appellee, and that such remainder was sufficient to pay all dues and assessments against him for the months of January, February, and March, 1929. The laws of the order required a member expelled for nonpayment of dues to make formal application for reinstatement and submit the same with his tender of delinquent dues and assessments, and further required that such application should be considered and acted upon favorably by the lodge. No such application was tendered by appellee in connection with said check. No affirmative action so far as shown was ever taken by the local lodge with reference to his reinstatement therein. Appellant's collector testified that appellee at the time he tendered the check aforesaid was indebted to the local lodge for dues advanced by it for him for the months of September, November, and December, 1928, in the sum of $16.40, and that he applied that amount of the money received on said check to the discharge of such indebtedness. Appellee explicitly denied that he was indebted to the local lodge in any sum whatever. The conflict in the testimony of these two witnesses must under the rule above stated, be solved in favor of appellee, and the trial court will be deemed to have found and held that no such indebtedness existed, and that the retention of said sum of money by the local collector was without lawful justification or excuse, except as payment of appellee's dues and assessments for the months of January,

February, and March, 1929, for which purpose the same was tendered.

Article 4846 of our Revised Statutes authorizes fraternal benefit societies to provide in their constitution or laws that no subordinate body nor officer thereof shall have the power or authority to waive any of the provisions of such constitution or laws. Appellant nowhere contends that it ever exercised the authority so conferred. According to its constitution and laws, dues and assessments were payable to the collector of the local lodge. The member making such payment was not required to show the remittance of any part thereof to the supreme lodge, nor is there any intimation that the failure of the collector to make such remittance would in any way affect his standing as a member nor invalidate his certificate. Payment by appellee to the collector was in legal effect payment to appellant, and appellant was charged with knowledge of all the facts acquired by him in the discharge of his duties in that connection, whether specifically communicated to it or not. His custody and control of the proceeds of said check were in legal effect the custody and control of appellant. His failure to return or tender to appellee the sum so retained by him is likewise chargeable to appellant. Appellant sought to justify such action by introducing testimony tending to show that appellee was indebted to the local lodge in such sum and that its collector applied the same to the discharge of such indebtedness. The judgment rendered by the trial court includes by implication a finding that such ground of justification did not exist. Even if appellee had been in fact indebted to the local lodge for dues and assessments theretofore advanced for him in the sum so retained, as contended by appellant, that fact would not have justified the collector in applying to the satisfaction of such indebtedness money tendered by appellee for the purpose of discharging specific dues and assessments in default and securing reinstatement in the order. Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101, 105, par. 8. Appellant having through its collector received a sufficient sum tendered by appellee as dues and assessments for the months of January, February, and March to satisfy the same and to entitle him to reinstatement, and there being testimony sufficient to sustain an implied finding that it approved and ratified the action of such collector in retaining such sum and thereby waived the prior forfeiture of appellee's benefit certificate and his formal reinstatement by his local lodge, the trial court must be deemed to have so found. Bailey v. Sov. Camp, W. O. W., 116 Tex. 160, 286 S. W. 456, 288 S. W. 115, 47 A. L. R. 876; Calhoun v. The Maccabees (Tex. Com. App.) supra, 241 S. W. pages 102 et seq.; The Maccabees v.

774

Johnson (Tex. Civ. App.) 273 S. W. 612, 613 et seq.; Sov. Camp, W. O. W., v. Hines (Tex. Civ. App.) 273 S. W. 927, 928, et seq.; Stone v. Brady Mutual Life Ins. Ass'n (Tex. Civ. App.) 2 S.W.(2d) 538, 539; Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; First Texas State Ins. Co. v. Capers (Tex. Civ. App.) 183 S. W. 794, 795, par. 1. The judgment rendered by the trial court is not without support in the evidence nor contrary thereto.

■ Appellee contends by cross-assignments and propositions presented thereunder that the court erred in refusing him a recovery for statutory damages and reasonable attorney's fees. Appellant pleaded that it was a fraternal benefit society, and that as such it limited its membership to persons engaged in one hazardous occupation. Appellee admitted in open court that these allegations were true. The gist of appellee's claim that appellant is amenable to the statute imposing the payment of damages and attorney's fees for failure to settle his claim within thirty days after demand for such settlement is that it was a foreign organization, and that it had failed to procure a license to transact business within this state from the commissioner of insurance, to designate such commissioner as its lawful attorney upon whom service of all legal process might be made, and to file from year to year annual reports of its condition and standing, all as required by certain articles of the statute. Appellant admitted in open court that it had not complied with any of such requirements. Article 4857 of the Revised Statutes exempts fraternal benefit societies which limit their membership to one hazardous occupation from compliance with such requirements. Appellant being such a society, the court properly refused to award appellee such recovery. Further consideration of appellee's contention is therefore unnecessary.

The judgment of the trial court is affirmed.

ALEXANDER, J., took no part in the consideration and decision of this case.