## JOURNEYMEN BARBERS' INTERNATIONAL UNION OF AMERICA v. BRICKER.

### No. 3076.

Court of Civil Appeals of Texas. El Paso.

Nov. 1, 1934.

Rehearing Denied Nov. 17, 1934.

W. H. Fryer and Coyne Milstead, both of El Paso, for appellant.

Ernest Guinn, of El Paso, for appellee.

HIGGINS, Justice.

This suit was originally brought by Raymond Bricker against the Journeymen Barbers' International Union of America. While the suit was pending Bricker died. Later his surviving wife, the appellee, filed an application setting up the death of Bricker, that there was no necessity for an administration upon his estate, and that she was his sole heir. She sought leave to continue the suit in her name, which the court granted. Appellant presents no point as to her right to so prosecute the suit.

Bricker was a barber and for many years before his death a member in good standing of local barber unions operating under charters issued by the defendant which was the central governing body of the local unions. In 1928 Bricker contracted tuberculosis which resulted fatally on October 17, 1933. He became disabled to work June 15, 1932, and so remained until his death.

Prior to May 1, 1933, the defendant's constitution provided for benefits to members disabled by sickness at the rate of $10 per week for not more than 16 weeks in any 12 months' period. By a constitutional amendment effective May 1, 1933, such benefits were reduced to $6 per week for not more than 12 weeks in any one year.

Mrs. Bricker's suit was to recover sick benefits accruing to her deceased husband during the years beginning June 15, 1932, and June 15, 1933, with interest, and for penalty and attorney's fees, and recovered the same.

### Opinion.

Our conclusions disposing of the questions presented will be briefly stated.

1. The fact that Bricker did not promptly pay to the local union his dues for

the months of December, 1931, January, February, and March, 1932, on or before the first days of such months as required by section 131 of the defendant's constitution, did not bar the recovery awarded. Such dues were paid during each of such months, the defendant's share remitted to it and the deceased remained in good standing. Section 131 must be read and construed in connection with sections 33 and 35.

Under the two sections last mentioned, a member disabled by sickness is entitled to sick benefits if his dues had been paid on or before the first of the month during which his sickness began. The evidence shows that while the deceased became afflicted with tuberculosis in 1928, the disabling illness upon which the suit is based was due to a bad cold or attack of influenza from which he suffered about May 1, 1932. There is no suggestion of any delay in paying dues except the four months mentioned above. The disabling illness did not begin during those months.

2. The evidence shows that in the fall and winter preceding his disability Bricker operated a travel bureau. This fact, and section 40 of the constitution, did not deprive him of future sick benefits to which he might become entitled. As we construe section 40 it deprives a member of benefits during the time he reports unable to work at the trade and works in other gainful occupation. The benefits here involved do not relate to the time Bricker was operating the travel bureau. Therefore, section 40 has no application to the present facts.

3. The return, on July 23, 1932, to Bricker of the dues for the previous seven months does not defeat the recovery because such dues were returned with the advice that Bricker was being placed under section 48 of the constitution, which section, because of his condition, would relieve him from further dues.

4. Neither the pleadings nor the evidence present any issue of any accord and satisfaction of the claim sued upon, arising out of the return of said dues and acceptance thereof by Bricker.

5. For the reason stated in the first section of this opinion the issue of waiver of delayed payment of dues for four months is not material. But if it is a material issue the undisputed facts establish waiver as a matter of law, for which reason it was not necessary to submit such issue to the jury.

■ 6. The award of penalty and attorney fee is erroneous. The plaintiff alleged that the "defendant is a foreign fraternal benefit

association, organized for the mutual benefit of its members, providing in its constitution and by laws for the payment of death and disability benefits to its members."

Prior to the Act of April 13, 1931 (42d Leg. chap. 48, p. 71 [Vernon's Ann. Civ. St. arts. 4820–4822, 4824, 4831, 4831a]), the attorney's fee and penalty statute (article 4736, R. S. 1925) penalizing delay by insurance companies in paying an insurance policy did not apply to mutual aid or fraternal societies. Article 4823, R. S., and 6 Tex. Juris. 539, § 149. Such article is still inapplicable to such societies, but the Act of 1931, § 5 (Vernon's Ann. Civ. St. art. 4831), amended article 4831, R. S., and by section 5a (Vernon's Ann. Civ. St. art. 4831a), a penalty and attorney's fee was imposed upon fraternal benefit societies operating under chapter 8, title 78 (Vernon's Ann. Civ. St. art. 4820 et seq.).

We regard the amendment of 1931 as inapplicable to appellant because it is not such a fraternal benefit society as is defined by chapter 8, title 78. It would serve no purpose to point out the distinguishing features of its constitution.

■ But if appellant may be considered as a fraternal benefit society as defined by chapter 8, title 78, it is nevertheless exempt from the operation of section 5a of the amendment of 1931 (Vernon's Ann. Civ. St. art. 4831a), by article 4857, R. S., which, in part, reads: "Nothing in this chapter shall be construed to affect or apply to * * * nor to similar societies which do not issue insurance certificates nor to an association of local lodges of a society now doing business in this State which provides death benefits not exceeding five hundred dollars to any one person or disability benefits not exceeding three hundred dollars in any one year to pay one person or both. * * *"

The evidence shows appellant's death benefits do not exceed $500, and its disability benefits do not exceed $300 in any one year, nor does it appear to issue insurance certificates.

The judgment will be corrected by eliminating the recovery of penalty and attorney's fee and as so corrected affirmed.

It is so ordered.

### On Rehearing.

■ Appellant, in its motion for rehearing, says the judgment is erroneous in allowing recovery for the twelve weeks in 1933. In support of this alleged ground of error it is said that section 33 of the constitution, as amended May 1, 1933, provides that no mem-

ber shall be entitled to sick benefits for more than three years and the evidence shows the deceased received sick benefits for the years 1930 and 1931, and recovery was allowed herein for 1932. Wherefore, under the amendment, Bricker was not entitled to any sick benefits for the year 1933. This is defensive matter in confession and avoidance and no such defense was pleaded by the appellant. Upon examination of the answer we find the defendant pleaded that the plaintiff was not entitled to $10 per week for the 16 weeks of the year beginning June 15, 1933, but is entitled only to $6 per week for 12 weeks of said year by virtue of the amendment to section 33, adopted May 1, 1933. This is the only defensive matter pleaded by virtue of the amendment. Furthermore, the original brief of the appellant presents no point in anywise raising this question. The error, if any, is not fundamental and cannot be raised for the first time in this court by motion for rehearing.

The other matters referred to in the motion are disposed of in the original opinion and call for no further comment.