HENRY v. RAILWAY MAIL MUT. BEN. ASS'N.

No. 14507.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 4, 1944.

Rehearing Denied March 24, 1944.

H. J. Loe and Jim Gaddy Norris, both of Fort Worth, for appellant.

Culbertson, Morgan, Christopher & Bailey, of Fort Worth, for appellee.

## McDONALD, Chief Justice.

Recovery is here sought on a policy of insurance on the life of Walter S. Henry, issued by appellee. Appellant, the beneficiary named in the policy, sues for the face amount of the policy, the statutory penalty, and a reasonable attorney's fee. The trial court, in a trial without a jury, denied a recovery. Plaintiff has appealed.

The only question presented on the appeal is whether the policy had lapsed for non-payment of a premium at the time of the insured's death. It is undisputed that a premium was due on August 8, 1941. The insured died on August 23, 1941. Except for a question of waiver which we do not have to decide, the issue narrows to the question of whether the case is governed by the general insurance laws, and particularly Article 4732, Rev.St., which provides for a grace period of one month for the payment of premiums, or whether it is governed by the provisions of Chapter 8, of Title 78, Articles 4820 to 4859, applicable to fraternal benefit societies. If Article 4732, of the general insurance laws, is applicable, the one month grace period saves the policy from lapsing. If the case falls under Articles 4820 et seq., we must hold that the policy lapsed, because the provisions of Chapter 8 do not provide for a grace period within which premiums may be paid.

Art. 4820, as amended in 1931, Vernon's Ann.Civ.St. Art. 4820, declares what are fraternal benefit societies. Art. 4823, which still remains as it appeared in the 1925 revision of the statutes, provides:

"Art. 4823. Exemptions. Except as herein provided, such societies shall be governed by this law, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose. No law hereafter enacted shall apply to them, unless they be expressly designated therein."

Heading Art. 4831 is the word "beneficiaries". This article was amended in 1931 (see Vernon's Annotated Civil Statutes, Art. 4831). In addition to other changes, the following sentence was added to said article:

"Nothing contained in this Act shall be construed to affect or apply to societies which admit to membership only persons engaged in one or more hazardous occupations, in the same or similar lines of business."

Art. 4857, which still remains as it appeared in the 1925 revisions of the Statutes, provides in part as follows:

"Art. 4857. Examination of certain societies. Nothing in this chapter shall be construed to affect or apply to * * * Masons, Odd Fellows * * * or societies which limit their membership to any one hazardous occupation. * * * The Commissioner may require from any society such information as will enable him to determine whether such society is exempt from the provisions of this law."

Appellee, although a fraternal benefit society, is a corporation chartered under the laws of the State of Illinois. The evidence shows without dispute that it was doing business in Texas both at the time of the issuance of the policy in question, and at the time of the trial of this cause. It is also undisputed that it had not complied with any of the statutes included in Chapter 8, with respect to filing reports with the proper officials of this State, and that it did not have a permit to do business in Texas, as provided in such statutes.

Appellant contends that since appellee has failed to comply with the requirements of Chapter 8, it cannot claim exemption from the general insurance laws. Appellee contends that it is not required to file reports and do the other things required by the provisions of Chapter 8 because the provisions of Articles 4831, as amended, and 4857, relieve from such requirements

a society that limits its membership to any one hazardous occupation, it being undisputed that appellee does limit its membership in this manner.

Under the view we take of the case, it is not necessary to determine whether the failure of a fraternal benefit society to comply with the various provisions of Chapter 8 will render it amenable to the general insurance laws.

█ The only conclusion we have been able to arrive at from a study of Articles 4831 and 4857 is that they mean what they say, to-wit, that nothing in Chapter 8 applies to the Masons and other lodges named, or to such societies as limit their membership to any one hazardous occupation, or, in the language of Art. 4831, to "persons engaged in one or more hazardous occupations, in the same or similar lines of business". If nothing in Chapter 8 applies to the limited class of societies named, then it must follow that Article 4823 does not apply to them. Appellee argues that Article 4823 applies to all fraternal benefit societies. The first four words of Article 4823 clearly indicate the contrary. The substance of Article 4823 is that all fraternal benefit societies are governed by Chapter 8, and are exempt from the general insurance laws, "except as herein provided". We have not been able to see how the limited class of societies just referred' to can be exempt from all the burdens of Chapter 8, and yet be entitled to its benefits.

Since by its own terms nothing in Chapter 8 affects or applies to appellee, and since it was with respect to the policy in question doing an insurance business within this State, the provisions of the general insurance laws, and of Art. 4732 in particular, are applicable to this case. We have been cited to the cases of Brotherhood of Railroad Trainmen v. Smith, Tex.Civ. App., 36 S.W.2d 771, and Journeymen Barbers' International Union v. Bricker, Tex. Civ.App., 75 S.W.2d 987, but cannot accept them as controlling on the question which has just been discussed. In the Smith case the Court employs some remarks in disposing of a cross-assignment of error presented by the appellee in that case which have been cited as in support of appellee's contention made here. The appellant applied for writ of error in that case, but the appellee did not. The point mentioned, therefore, did not reach the Supreme Court in the application for writ of error. The dismissal of the application for want of jurisdiction is no indication that the Supreme Court approved what was said by the Court of Civil Appeals in disposing of appellee's cross-assignment of error. So far as we can ascertain no application for writ of error was made in the Journeyman Barbers' Union case.

We hold that the death of the insured occurred within the grace period provided by Art. 4732, and that the insurance was in force. The parties stipulated in the trial court that $500 would be a reasonable attorney's fee.

The judgment of the trial court is reversed, and judgment is here rendered in favor of appellant for the amount of the policy, the statutory penalty, attorney's fee, and costs.

### On Motion for Rehearing.

On motion for rehearing appellee contends that the general insurance laws, and particularly the provision of Article 4732 allowing a grace period within which to pay premiums, and Article 4736, providing for penalty and attorney's fee, cannot, from the very nature of fraternal benefit societies, be applied to them, even though they be of the class excepted by Article 4831, as amended, and Article 4857. Appellee especially relies on expressions found in the opinion in Logan v. Texas Mut. Life Ins. Ass'n, 121 Tex. 603, 51 S. W.2d 288. In the first place, the Logan case involves an assessment company, not a fraternal benefit society. In the second place, the Supreme Court in a later case, National Life Co. v. McKelvey, 131 Tex. 81, 113 S.W.2d 160, holds a foreign assessment company amenable to certain of the general insurance laws, and finds the Logan decision no bar to such holding. In the McKelvey case the Court cites with apparent approval the holding in National Life Ass'n v. Parsons, Tex.Civ.App., 170 S.W. 1038, that the attorney's fee statute is applicable to a foreign assessment company, and the holding in National Life Ass'n v. Hagelstein, Tex.Civ.App., 156 S. W. 353, writ of error refused, that a foreign assessment company is subject to the statute providing that a policy shall not be unenforceable because of any representation not material to the risk or contributing to the loss. While the cases just mentioned do not involve fraternal benefit societies, they indicate to us that the

Logan case is not authority for the proposition that the nature of a fraternal benefit society prevents application to them of the general insurance laws where they do not fall under Chapter 8.

Appellee also relies on such cases as Supreme Council of R. A. v. Green, 237 U.S. 531, 542, 35 S.Ct. 724, 59 L.Ed. 1089, L.R.A.1916A, 771; Modern Woodmen v. Mixer, 267 U.S. 544, 45 S.Ct. 389, 69 L. Ed. 783, 41 A.L.R. 1384; Supreme Lodge v. Mims, 241 U.S. 574, 36 S.Ct. 702, 60 L. Ed. 1179, L.R.A.1916F, 919; and Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438, in support of its contention that the nature of fraternal benefit societies is so different from that of so-called old line insurance companies, and that the status of a member in such a society is so different from that of a policy holder in an old line company, that the laws governing the latter cannot be applied to the former without doing violence to the benefit society and its members. It contends that the application of the general laws would result in the members in one state having rights and obligations different from those in other states, and would amount to a violation of the due process clause of the federal constitution. Fifth Amendment, U.S.Const. We construe the cases cited to stand for a different proposition, to-wit, that the court of the forum must give full faith and credit, under Article IV, Section 1, of the federal constitution, to the public acts, records and judicial proceedings of the domiciliary state. In the cases cited, and in others which we have examined, it is held that the court trying the case, if in a state other than the one in which the society is domiciled, must give full faith and credit to such interpretations as may have been given to the charter and by-laws of the society by the courts of its domicile. If the domiciliary court holds that a certain act is or is not beyond the charter powers of the society, or that a certain by-law is or is not unreasonable, such holding must be given full faith and credit by a court of another state. The rule cannot be applied by us in this particular case because, if for no other reason, no proof was made as to the statutory law, or as to the holdings of the courts, in the state in which appellee is domiciled. Under familiar rules, therefore, we must assume that the foreign law is the same as ours. 15 C.J. S., Conflict of Laws, § 3, p. 849; Western

Life Indemnity Co. v. Rupp, 235 U.S. 261, 35 S.Ct. 37, 59 L.Ed. 220. (This case was tried before the effective date of Rule 184-a, Texas Rules of Civil Procedure.) The actual holdings in the full faith and credit cases do not reach the precise question which we have here, to-wit, which of the Texas laws, if any, shall be applied to the policy in suit. It it be that Texas cannot impose upon a fraternal benefit society any regulation which will result in the rights and obligations of Texas members being different from those of members in other states, then some of the provisions of Chapter 8 cannot be applied to foreign benefit societies which are intended to be controlled by that Chapter. We are not prepared to hold that Texas is for this reason lacking in the power to regulate such associations.

It would seem that persons who associate themselves together in a fraternal benefit society for the purpose of writing insurance should be no less amenable to the laws of the state in which they do business than are persons who associate themselves together in any other type of organization, corporate or otherwise, for the purpose of writing insurance. In either event it is reasonable to hold that the state in which the insurance is written has the power to subject the insurer to reasonable regulations, and to require that the insured be safeguarded by reasonable provisions in the policy, even though the state in which the organization is domiciled might not have imposed similar regulations.

Appellee suggests that none of the general insurance laws should be applied to a fraternal benefit society, because some of them cannot be applied. There is language in some of the opinions which might appear, if taken alone, to support such a theory, but it should be remembered that a court opinion must be read and interpreted in the light of the particular case then being considered, and that an opinion is authority only upon the questions required to be decided in the disposition of the case then before the court. Appellee cites State v. Burgess, 101 Tex. 524, 109 S.W. 922. But that opinion; as we read it, suggests the opposite of the contention advanced by appellee. The basic principle of the decision seems to be that an insurer, which is not subject to the laws controlling some special type of company or insurance, is amenable to such of the general laws as

will fit its kind of organization and the kind of insurance issued by it.

We see neither practical nor theoretical obstacle in the way of applying the grace period provision of Article 4732 and the penalty and attorney's fee provision of Article 4736 to the case before us. The premiums, dues, assessments, or whatever one might choose to call them, are payable monthly. They go into a general fund set up for the payment of losses, and are not, as in the case of many mutual assessment companies, applied to the payment of the particular claim for which the assessment is levied. If the monthly assessments are not sufficient, additional assessments may be levied.

It has often been held that the applicable provisions of our insurance laws are to be treated as being embodied in policies of insurance as fully as if written therein. There is no proof of any law of the home state which would render appellee incapable of making a contract which complies with Texas law. If appellee is unwilling to abide by the Texas laws governing its operations, its remedy is to refrain from operating in Texas.

We have carefully examined what appears as Chapter 22 in Vernon's Texas Civil Statutes, cited by appellee, and are of opinion that its provisions do not apply to the case here.

The motion for rehearing is overruled.