## BROTHERHOOD OF RAILROAD TRAINMEN INS. DEPARTMENT OF CLEVELAND, OHIO, v. GREEN.

### No. 14609.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 4, 1944.

Rehearing Denied March 24, 1944.

Marvin B. Simpson and Robert Harrison, both of Fort Worth, for appellant.

Martin, Moore & Brewster and Harris Brewster, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee, the plaintiff below, seeks a recovery on a policy of insurance issued by appellant. The policy provides for certain benefits in the event of total and per-

manent disability of the insured. The jury found that he was totally and permanently disabled as the result of a heart attack. Judgment was awarded appellee for the amount sued for, plus interest, the statutory penalty, and an attorney's fee of $600. The insurer appeals.

Under its first point of error appellant contends that the court should have instructed a verdict in its favor on the ground that the application contained untrue statements which must be treated as warranties in view of the fact that appellant is a fraternal benefit association. The proof shows that appellant is an unincorporated fraternal benefit society, organized under the laws of the State of Ohio. At the times material herein it was doing an insurance business in Texas, but had not complied with the statutes included in Chapter 8, of Title 78, Articles 4820 to 4859, Rev. St., governing fraternal benefit societies, with respect to filing reports with the proper officials of the State of Texas, and had not received a permit to do business in Texas, as provided in said statutes. Appellee contends that the failure to comply with the Texas laws has the effect of rendering appellant amenable to the general insurance laws, and Art. 5043 in particular, which provides in part that answers and statements made in the application for a policy shall not constitute a defense unless it be shown upon the trial that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which the policy became due or payable. Appellant contends that in view of the fact that it insures only persons engaged in a hazardous occupation, that it is relieved of the necessity of complying with the laws above mentioned by reason of the provisions of Art. 4831, as amended, Vernon's Ann.Civ.St. Art. 4831, and Art. 4857.

■ The contentions in such respects are the same as those made by the beneficiary and the insurer, respectively, in the case of Henry v. Railway Mail Mutual Benefit Association, 179 S.W.2d 333, decided by us on this date. For the reasons there announced, we hold that the case now under consideration is governed by the general insurance laws, and particularly by Art. 5043, and that the statements in the application for insurance do not constitute a defense to the suit on the policy unless they were material to the risk or contributed to the disability claimed by the insured.

The jury found, and there is ample testimony to support their findings, that the statements in question were not material to the risk and did not contribute to appellee's disability. They do not, therefore, constitute a defense to the suit.

■ Under the second point appellant urges that the court below should have granted a new trial because the answers of the jury to the special issues show that the jury was either prejudiced against defendant or biased in favor of the plaintiff to such a degree that they were incapable of giving defendant a fair trial. The only witness who testified concerning the amount of a reasonable attorney's fee stated that a fee of $300 to $500 would be reasonable. The jury found that $600 would be a reasonable fee. This finding is not, in our opinion, such as to indicate prejudice or bias of such character as would compel a new trial. There is at least some evidence to support the other findings. We do not believe that the record supports the contention made by appellant under this point of error.

■ Under the third point appellant contends that the finding of $600 as a reasonable attorney's fee is excessive by at least $100, since the highest figure named in the evidence as a proper attorney's fee is $500. Under authority of Simmonds v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332, we overrule this contention.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

We have considered the motion for rehearing in this case in connection with the motion for rehearing in Henry v. Railway Mail Mutual Benefit Association, 179 S.W. 2d 333, and refer to what we said in overruling that motion for rehearing.

We have also considered the effect, if any, of Article 5042, which is a part of Chapter 21 of Title 78, Revised Statutes. Chapter 21 is styled "General Provisions", and is a part of what are considered the general insurance laws. Article 5043 is a part of Chapter 21, and provides, as said in our original opinion, that answers and statements made in the application for a policy shall not constitute a defense unless it be shown upon the trial that the matter or thing represented was material to the risk or actually contributed to the contingency or event on which the policy became due or payable. Article 5042 provides:

"No provision of this chapter shall apply to companies carrying on the business of life or casualty insurance on the assessment or annual premium plan, under the provisions of this title."

We are not inclined to believe that Article 5042 serves to render Article 5043 inapplicable to this case. The policy in the present suit appears to provide for a flat premium of $6.04 per month. Also, we doubt if Article 5042, in referring to companies carrying on business on the assessment plan, was intended to cover fraternal benefit societies, because the latter are not referred to in the statutes as assessment companies, and in their nature are different from assessment companies, even though the dues, or premiums, might be considered, in a sense, as assessments. In the third place, the company here involved does not do business under any of the provisions of Title 78 which relate to assessment companies, but, as we have held, does business under the general insurance laws.

The motion for rehearing is overruled.