# RAILWAY MAIL MUTUAL BENEFIT ASSOCIATION V. ELIZABETH HENRY.

No. A-155. Decided October 11, 1944.
Rehearing overruled November 8, 1944.
(182 S. W., 2d Series, 798.)

*Culbertson, Morgan, Christopher & Bailey* and *A. B. Culbertson*, all of Fort .Worth, for petitioner.

It was error for the Court of Civil Appeals to hold that Article 4823 does not exempt petitioner from complying with the general insurance laws contained in Chapter 3 of Title 78, and particularly. Articles 4732 and 4736. Atcheson v. Modern Woodmen, 262 S. W. 876; Amarillo Mut. Ben. Assn. v. Franklin, 50 S. W. (2d) 264; Houston Life Ins. Co. v. Dabbs, 125 S. W. (2d) 1041.

*Jim Gaddy Norris, H. Joe Loe,* and *Martin, Moore & Brewster*, all of Fort Worth, for respondents.

Petitioner insurance company was exempt from complying with the general insurance laws and was entitled to the benefits of Articles 4732 and 4736 of the Revised Civil Statutes. Caldwell v. Sovereign Camp W. O. W., 286 S. W. 456; Bankers Life & Loan Assn. v. Jaroe, 127 S. W. (2d) 291; Carrizales v. W. O. W..167 S. W. (2d) 509.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit for $2,000.00 by respondent, Mrs. Elizabeth Henry, as beneficiary of a certificate of membership issued to her husband, Walter S. Henry, by petitioner, Railway Mail Mutual Benefit Association, a fraternal benefit society.

The trial court rendered judgment that respondent take nothing by her suit, having concluded that before the death of Walter S. Henry on August 23, 1941, his membership was suspended and the right to benefits under the certificate lapsed on account of his failure to pay on or before August 8, 1941, the regular monthly assessment that was levied on July 8, 1941.

The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of respondent against petitioner for $2,000.00, together with 12% penalty and $500.00 for. attorney's fees, holding that the general insurance laws, and in .particular the provision of Article 4732 of the Revised Civil Statutes of 1925 for a grace of a month for the payment of 'premiums, are applicable to the case and that respondent is entitled to recover on the certificate because the death of the member occurred within the grace period. 179 S. W. (2d) 333.

The substance of the material facts as shown by the findings of the trial court and the supporting evidence is as follows: Petitioner is a fraternal benefit association incorporated under the laws of Illinois. Its constitution and bylaws provide that it is a corporation not for pecuniary profit but for the benefit of its members and their beneficiaries, and they make provision for the payment of benefits upon the death or disability of its members. Petitioner has a lodge system and its governing bodies are a convention, a board of directors, an executive committee and local lodges. The membership of the society is limited to railway postal clerks and all others connected with the railway branch of the United States mail service, post office inspectors, clerks assigned to the inspection division, United States sea post clerks and superintendents of mail in post offices. The members in their occupation are subject to greater risks of injury and death than are other employees of post offices.

On March 21, 1941, petitioner issued to Walter S. Henry a certificate of membership, providing that the member shall fully comply with all the laws, rules and regulations of the association then and thereafter made, and that upon full compliance with the aforesaid condition the association is bound to pay to Elizabeth Henry, respondent herein, $2,000.00 after receipt of satisfactory proof. On the face of the certificate appears the following:

"Any member who does not pay his regular monthly assessments, extra assessments, Expense Fund Assessments, or Annual Dues as provided in the Constitution and By-Laws of this Association, as now or hereafter in force, shall be suspended and his membership forfeited as therein provided."

The constitution and bylaws of the association or society provide that assessments are thereby made upon every member on the 8th of every calendar month, which must be paid before 10 o'clock P. M. of the 8th day of the succeeding calendar month, that a member who does not pay his regular monthly assessment on or before 10 P. M. the 8th day of the succeeding month shall be suspended without any action by the association or any officer or committee thereof, and that the failure to pay a regular monthly assessment on or before the 8th day of the second succeeding calendar month shall of itself work a forfeiture of membership. Another section of the by laws provides that no member shall be entitled to any benefits from the association during suspension, and that no benefits shall be paid to the beneficiaries, representatives or heirs of any member dying while under suspension or during forfeiture of his membership.

A regular monthly assessment against Walter S. Henry was levied July 8, 1941, and it became delinquent on August 8, 1941. Mr Henry paid this assessment to the local secretary on August 20, 1941. Remittance of this payment was received in petitioner's home office on September 9, 1941. Mr. Henry died August 23, 1941.

Petitioner did not have a license to transact business in Texas on March 21, 1941, when the certificate to Walter S. Henry was issued, as is provided for by Article 4842 of the Revised Civil Statutes, and it did not comply with any of the other provisions of the statutes relating to foreign benefit societies. It had no license or permit from any other department of the state government of Texas to transact business in the State on March 21, 1941, and it has made no annual reports as provided by Article 4849 of the Revised Civil Statutes.

The ruling of the Court of Civil Appeals that Article 4732, part of the general insurance laws, providing for a thirty-day period of grace, saved the policy from lapsing rests upon its construction of portions of Article 4831 (as amended by Acts Regular Session 42nd Legislature, Chapter 48) and portions of Article 4857 in relation to Article 4823, all being parts of the chapter of the insurance laws which relates to fraternal benefit societies, Chapter 8, Title 78, Revised Civil Statutes of 1925. That court held that Article 4831 and 4857, in providing that "nothing contained in this Act" and "nothing in this chapter" shall affect or apply to certain named societies (including this petitioner) have the effect of depriving the named societies of the benefit of Article 4823 which exempts fraternal benefit societies from the provisions of the general insurance laws. It reasoned that, if nothing in the Act or chapter applies to the limited class of societies named in Articles 4831 and 4857 it must follow that Article 4823 does not apply to them, and it concluded that those societies are therefore not exempt from the general insurance laws but are subject to them. This construction appears to be literally correct. In our opinion it is destructive of the legislative intent, which was to exempt a favored few societies for the control and regulation imposed generally by Chapter 8 upon fraternal benefit societies. The construction does not exempt them from that control and regulation, but it deprives them of the exemptions given by Article 4823 to all fraternal benefit societies and places them under the greater and stricter control and regulation of the general insurance laws.

Chapter 3, entitled "Life, Health and Accident Insurance," of Title 78 of the Revised Civil Statutes is the chapter which re-

lates to the organization, incorporation, licensing, regulation and control of ordinary life insurance companies. It contains elaborate legislation for strict supervision, control and regulation, primarily for the purpose of protecting policyholders from insurance companies doing business for profit. Article 4732 of Chapter 3 contains a number of requirements as to the contents of policies of life insurance, one of them being a provision for a period of grace of one month for the payment of premiums.

■ Fraternal benefit societies are defined and regulated by Chapter 8 of the same title, a distinct chapter and law from that relating to ordinary insurance companies. This chapter, with some additions by amendment, is Chapter 113 of the General Laws of the 33rd. Legislature, entitled "Fraternal Insurance—to define regulate and control Fraternal Benefit Societies." Acts Regular Session, 33rd. Legislature, p. 220.

This chapter prescribes a certain amount of regulation and control, but less complete and strict than that prescribed by Chapter 3 relating to ordinary life companies. Without discussing the statutes in detail, it is sufficient to say that they classify and treat fraternal benefit societies and their insurance business as separate and distinct from ordinary life insurance companies and the business conducted by them. This accords with the general practice. "The difference between ordinary life insurance and that furnished by the fraternal benefit societies has been universally recognized in legislation and in a matter of common knowledge." Supreme Council of the Royal Arcanum v. Behrend, 247 U. S. 394, 62 L. Ed. 1182, 1185, 1 A. L. R. 966. See also 38 Am. Jur., pp. 443-445, Sec. 4.

Article 4823, which is Section 4 of the original Act of 1913, p. 221, defining and regulating fraternal benefit societies, is as follows:

"Except as herein provided, such societies shall be governed by this law, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose. No law hereafter enacted shall apply to them, unless they be expressly designated therein."

Article 4831 relates in the main to members of fraternal benefit societies and their beneficiaries. It was rewritten in 1931, the following sentence being added to it: "Nothing contained in this Act shall be construed to effect or apply to societies which admit to membership only persons engaged in one or more hazardous occupations, in the same or similar lines of

business." Acts Regular Session 42nd Legislature, Chapter 48, pp. 71, 73. The article as amended cannot be construed to apply to Article 4823 or to deprive the named societies of the benefits of that article, for the added sentence above quoted provides merely that "nothing contained in this Act," meaning the Act of 1931, shall affect or apply to the societies named. Article 4823 is no part of the Act of 1931 and is not referred to in that Act.

Article 4857, which is Section 29 of the fraternal benefit societies Act of 1913, is, except the latter part of the same not relevant here, as follows:

"Nothing in this chapter shall be construed to affect or apply to grand or subordinate lodges of Masons, Odd Fellows or Knights of Pythias (exclusive of the insurance department of the supreme lodge Knights of Pythias) and the Junior Order of the United American Mechanics (exclusive of their beneficiary degree or insurance branch) or societies which limit their membership to any one hazardous occupation nor to similar societies which do not issue insurance certificates nor to an association of local lodges of a society now doing business in this State which provides death benefits not exceeding five hundred dollars to any one person or disability benefits not exceeding three hundred dollars in any one year to pay one person or both, nor to any contracts of reinsurance business on such plan in this State nor to domestic societies which limit their membership to the employees of a particular city or town, designated firm, business house or corporation, nor to domestic lodges, orders or associations of a purely religious, charitable and benevolent description whoch do not provide for a death benefit of more than one hundred dollars or for disability benefits of more than one hundred and fifty dollars to any person in one year."

The first words of the article "nothing in this chapter" literally construed are inclusive of the provisions of Article 4823 as well as all other provisions of Chapter 8, and according to the decision of the Court of Civil Appeals this Article 4857 would exempt the designated societies from all of the regulation and control prescribed by Chapter 8 for fraternal benefit societies and would at the same time exempt them from the exemption given by Article 4823 and thus classify them as ordinary life insurance companies subject to the rules and regulations of Chapter 3.

██ As has been said, we cannot approve that construction. The favored societies named in Article 4857 are lodges of well known

fraternal orders, societies limiting their membership to one hazardous occupation, domestic, charitable and religious organizations providing benefits in small amounts and the like, all being societies that, it may reasonably be assumed, will deal fairly with their members and beneficaries and would be unduly burdened if placed under the supervision of the Insurance Commissioner or the Board of Insurance Commissioners. Supreme Lodge United Benevolent Association v. Johnson, 98 Texas 1, 81 S. W. 18. We cannot believe that Article 4857 was intended to take from the societies listed therein the exemptions provided by Chapter 8 and to impose upon them the burdens of the general insurance laws, and thus to place them under heavier burdens and stricter regulations than those imposed upon other fraternal benefit societies. On the contrary, it is our opinion that it was the intention of the legislature by Article 4823 to exempt fraternal benefit societies from all provisions of the general insurance laws and by Article 4857 to enlarge that exemption as to the favored classes designated in that article by relieving them from the burden and control imposed generally by Chapter 8 upon fraternal benefit societies.

We have examined many decisions, including those cited by the parties herein, but have found none directly in point except Brotherhood of Railroad Trainmen v. Smith, 36 S. W. (2d) 771, decided by the Court of Civil Appeals for the Tenth District, the opinion written by Chief Justice Gallagher. That was a suit against a fraternal benefit society which, like petitioner herein, limited its membership to persons engaged in a hazardous occupation. The trial court rendered judgment against the society for the full principal sum of the benefit certificate but refused to render judgment for penalties and attorney's fees under Article 4736. The appeal was by the society, and it was held that there was no error in the trial court's judgment. The appellee presented cross assignments of error contending that the trial court erred in refusing him recovery of penalties and attorney's fees. As shown by the opinion, the gist of the appellee's contention was that the appellant was amendable to the statute imposing the payment of penalties and attorney's fees for failure to settle the claim within thirty days after demand, because the appellant (like petitioner herein) was a foreign organization that had failed to procure a license to transact business in this state and had failed to file annual reports of its condition as required by certain articles of the statute. The court held that the appellant, being a fraternal benefit society that limited its membership to one hazardous occupation, was exempted by Article 4857 from compliance with such requirements and that the trial court properly refused to award the appellee a recovery of the

penalties and attorney's fees. The appellee in that case did not file an application for writ of error, and, as correctly said by the Court of Civil Appeals in its opinion in this case, the dismissal, for want of jurisdiction, of the application filed by the appellant in that case did not involve the approval by the Supreme Court of the decision of the Court of Civil Appeals as to the proper construction and effect of Article 4857. That decision, however, is, in our opinion, correct. Article 4857 exempted the society in that case, as it exempts petitioner in this case, from the requirements of Chapter 8 as to procuring license, the filing of reports, etc.; and it must reasonably be concluded in this case, as it was in that case, that the failure of the society to comply with requirements from which it is exempted does not make it amendable to the regulation and control imposed by Chapter 3.

The contention that petitioner must be subject to the requirements of Chapter 3 because otherwise it would be under no regulation or control by the state cannot be sustained, for several reasons. In the first place, many of the requirements and regulations of Chapter 3 are inappropriate to fraternal benefit societies, and especially inappropriate to the class of societies to which petitioner belongs; and some of the requirements and regulations of that chapter would be unduly burdensome or even destructive if imposed upon such societies. Again, as shown by many decisions construing the statutes, the well defined policy of the Legislature has been, not to subject fraternal benefit societies to the strict control and regulation imposed upon ordinary life insurance companies, but to allow them greater freedom in conducting their own affairs and in defining their liability by the terms of their certificates and constitutions and bylaws. Modern Order of Praetorians v. Hollmig, 100 Texas 623, 103 S. W. 476; Wirtz v. Sovereign Camp, W. O. W., 114 Texas 471, 268 S. W. 438 (Court of Civil Appeals, 254 S. W. (2d) 637) ; W. O. W. Life Insurance Society v. Sosebee, 139 Texas 95, 161 S. W. (2d) 779; International Brotherhood of Boilermakers, etc. v. Huval, 140 Texas 21, 24, 166 S. W. (2d) 107; Carrizales v. W. O. W. Life Insurance Society, 140 Texas 259, 167 S. W. (2d) 509.

The further argument is made that petitioner is a mutual assessment association as defined in an Act of the Regular Session of the 46th Legislature, pp. 401-414, being Chapter 22, Title 78, Vernon's Annotated Texas Civil Statutes, and that for failure to comply with the regulations of that Act petitioner falls under the general insurance laws. We do not determine whether the Act of the 46th Legislature applies to fraternal benefit societies

designated in Articles 4831 and 4857. It is sufficient to observe that that Act in several sections imposes penalties, but nowhere provides that an association that fails to comply with it shall be subject to the general insurance laws.

A similar contention was made in Houston Life Insurance Company v. Dabbs, 132 Texas 566, 125 S. W. (2d) 1041, that is, that a local mutual aid association organized under Chapter 274 of the General Laws of the 41st Legislature (Article 4875a, Vernon's Annotated Texas Civil Statutes) was subject to the penalty provisions of Article 4736 because it had violated both the letter and the spirit of the special statute under which it was organized. The court, in overruling the contention, said: "Nor does it (the Act of the 41st Legislature) have any provision making companies organized under its terms amenable to the law governing any other type of company for failure to comply with the provisions of the Act, or for violating its terms."

Respondent relies upon Independent Order of Puritans v. Brown, 229 S. W. 939. It does not appear from the opinion in that case that the fraternal benefit society was one of the societies designated in Article 4857 (Article 4855, Statutes of 1911). Furthermore, that case cites as authority for its decision Supreme Council American Legion of Honor v. Story, 97 Texas 264, 78 S. W. 1. In the case last cited the plaintiff in error, American Legion of Honor, was a mutual relief association or benevolent organization as defined in Article 3096 of the Revised Civil Statutes of 1895. That article provided that nothing in the title should affect such associations or organizations, but provided further that they should be required to file annual reports and that "should any such benevolent organization refuse or neglect to make an annual report as above required, it shall be deemed an insurance company conducted for profit to its officers, and amendable to the laws governing such companies." The court held, in view of the statute quoted, that the plaintiff in error would have been liable for penalties and attorney's fees if the defendants in error had proved that it had failed to make the report, but expunged the penalties and attorney's fees, from the judgment because they had not made that proof. We have found no statute that requires the fraternal benefit societies named in Article 4857 either to procure licenses or to file reports and no statute that makes them amenable to the general insurance laws for failure to procure licenses or to file reports.

The trial court's judgment was correct. The right to benefits under the certificate lapsed because of failure to pay the as-

sessment on or before August 8, 1941, there being no period of grace to save it from lapsing.

Respondent in her trial petition pleaded that petitioner, by accepting payment of the assessment of July 8, 1941, after it was due and long after the right of forfeiture had accrued, led the deceased to believe that strict compliance with the terms of the policy in that respect would not be required of him, and thereby waived any right to declare a forfeiture of benefits under the certificate.

The trial court's findings of fact contain the paragraphs of petitioner's constitution and bylaws which suspend members for failure to pay assessments within thirty days after they are due and provide that no benefits shall be paid to beneficiaries of any member dying while under suspension, and deny to any officer, employee or agent of the association or any local lodge the power or authority to waive any of the conditions of the certificates or any of the provisions of the constitution or by laws. The substance of other findings of fact made by the trial court and which are supported by evidence is as follows: The assessment due July 8, 1941, was paid by Walter S. Henry to the secretary of the local lodge on August 20, 1941. The local secretary's remittance of that payment to the home office was received on September 9, 1941, after the member's death on August 23. On August 20, 1941, the local secretary gave to Mr. Henry a receipt on the association's required form containing the statement that as the payment was made after the regular time for payment had expired it was understood by the assured that the certificate was not in force from the date when the amount received was due until the date of the receipt and that a lapsed policy should not be reinstated by reason of such payment. The local secretary wrote the home office on August 25, 1941, advising it of Mr. Henry's death, and on August 28 that office notified the local secretary that "the membership was delinquent" for failure to pay the assessment of July 8, 1941. On August 26, 1941, the home office sent Mr. Henry a notice of an assessment made on August 8. There is no evidence that the home office had notice at that time of his death. The trial court found that: "Neither the local secretary nor the home office intended to waive the requirement of the certificate of membership and the constitution and bylaws that assessments must be paid within the time therein provided."

In view of the foregoing facts and the terms of the constitution and bylaws, there was, in our opinion, no waiver. W. O. W.

Life Insurance Society v. Sosebee, 139 Texas 95, 161 S. W. (2d) 779; Sovereign Camp, W. O. W. v. Moraida, 131 Texas 250, 113 S. W. (2d) 177; Sovereign Camp, W. O. W. v. Thacker, 118 S. W. (2d) 1086, (application for writ of error refused).

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court October 11, 1944.

Rehearing overruled November 8, 1944.