BROTHERHOOD OF RAILWAY TRAINMEN INSURANCE DEPART-MENT OF CLEVELAND, OHIO, V. CORNELIUS GREEN.

No. A-156. Decided October 11, 1944.
Rehearing overruled November 8, 1944.
(182 S. W., 2d Series, 804.)

*Marvin B. Simpson* and *Robt. Harrison,* both of Fort Worth, for petitioner.

It was error for the Court of Civil Appeals to hold that the petitioner insurance company was subject to the general insurance laws instead of by the provisions of Chapter 8, dealing with fraternal benefit associations. Houston Life Ins. Co. v. Dabbs, 125 S. W. (2d) 1041; Journeymen Barbers' International Union of America v. Bricker, 75 S. W. (2d) 987; Amarillo Mut. Ben. Assn. v. Franklin, 50 S. W. (2d) 264.

*Martin, Moore & Brewster,* of Fort Worth, for respondents.

If the insurance company, or society, was not amendable to the general insurance laws of the State, it was amendable to those laws set forth in Chapter 22, of Title 78, of the revised statutes. National Life Co. v. McKelvey, 131 Texas 81, 113 S. W. (2d) 160; National Life Assn. v. Parsons, 170 S. W. 1038; National Life Assn. v. Hagelstein, 156 S. W. 353.

MR. JUDGE BREWSTER, of the Commission of Appeals delivered the opinion for the Court.

Cornelius Green, respondent, sued Brotherhood of Railroad Trainmen Insurance Department of Cleveland, Ohio, petitioner, on a health and accident insurance policy to recover certain

benefits for total and permanent disability suffered from a heart attack. On a jury verdict the trial court rendered judgment for Green for the claimed benefits plus the statutory 12 per cent penalty and attorney's fees. The court of civil appeals affirmed the judgment. 179 S. W. (2d) 337.

Petitioner is an incorporated fraternal benefit society, organized under the laws of Ohio. At the several times in question it was doing business in Texas, but it had filed no reports and had secured no permit to do business in Texas as required of fraternal benefit societies by Arts. 4820 to 4859, R. S., 1925. Green contends that this failure makes petitioner amendable to Art. 5043, ibid., and the other general insurance laws of Texas. Petitioner contends that Arts. 4831 and 4857, Vernon's Civ. Stat., exempt it from the requirements of Arts. 4820 to 4859, supra, because it insures only persons engaged in a hazardous occupation.

Petitioner alleged that Green made certain false representations in his application for the policy which avoided it, under the constitution and bylaws of the brotherhood. The effect of the jury findings was that these representations were immaterial and contributed nothing to the disability for which Green seeks recovery. So if Art. 5043, supra, applies Green is entitled to recover. Otherwise, the judgment must be for petitioner.

We have this day held, in Railway Mail Mutual Benefit Association v. Henry, 143 Texas 89, 182 S. W. (2d) 798, that fraternal benefit societies insuring only persons engaged in hazardous occupations are not amendable to Art. 4820 to 4857, supra, and that, therefore, failure to comply with the requirements of those articles does not render them amendable to Art. 5043 and the other general insurance statutes of this State. In that opinion Judge Smedley discusses the question in detail, so it is unnecessary to write at length here.

Whether material or not to the risk, the representations were warranties, and since at least some of them were admittedly untrue, they avoided the policy. Kansas Mutual Life Ins. Co. v. Pinson, 94 Texas, 553, 63 S. W. 531; Carrizales v. W. O. W. Life Ins. Soc., 140 Texas, 259, 167 S. W. (2d) 509.

The judgments of both courts below are reversed and judgment is here rendered for the petitioner.

Opinion adopted by the Supreme Court October 11, 1944.

Rehearing overruled November 8, 1944.