**LOCAL NO. 63, JOURNEYMEN BARBERS, HAIRDRESSERS & COSMETOLOGISTS UNION et al. v. YOUNG.**

No. 14143.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1949.

Rehearing Denied Jan. 6, 1950.

Mullinax, Wells & Ball, Dallas, Texas, for appellants.

Runge, Lane & Savage and Patton & Giles, all of Dallas, for appellee.

CRAMER, Justice.

The facts in this case are not in dispute. Thomas A. Collins, deceased, was a member of appellant Local No. 63, and of the International Union, and had been such a member in excess of 15 years before his death. His union dues were payable through the Local and amounted to $2 per month. The Constitution of the International Union provided for the granting of charters to local unions and for benefit and nonbenefit members. It provided for a per capita tax to be apportioned 45 cents for general, journal and emergency funds; 48 cents to the benefit fund, and seven cents to the convention fund; also provided that the benefit fund should be used to pay all legal claims for benefits. The benefits provided were only for those members who were in benefit standing.

Thomas A. Collins, now deceased, was in benefit standing at the time he became ill on April 12, 1947, but failed to pay his June dues to the local union secretary on or before June 1, 1947; but paid such dues on June 28, 1947. Dues were paid before the first of each month for July, August, September and October to the local union secretary. Collins died October 28, 1947. Appellant's Constitution provided as follows:

"Article V. Section 3. No member either active or non-active shall be entitled to sick benefits for a sickness beginning during a month in which dues are not paid in accordance with Article XVII, Section 1, and dues shall be paid in accordance with Article XVII, Section 1 (on or before the first day of each month) during entire duration of sickness. *Failure to pay dues as prescribed during sickness shall suspend said member from sick benefits during entire duration of such sickness or from*

*payment of death benefits in event of death.* If default is made in the payment of dues, *the subsequent acceptance of dues by the local union or the officers of said local union shall not reinstate the member to benefit standing. * * *."* (Emphasis ours).

"Section 12. *Any member who is suspended from benefits by the non-payment of dues cannot, by paying same, be entitled to benefits for a sickness commencing before the dues are paid.* A member to be entitled to sick and death benefits shall pay dues on or before the first day of the month for which they are due. * * *. (Emphasis ours). No acceptance of dues by the local after their due date, regardless of habit or custom to the contrary, shall reinstate said member to such benefits. * * *."

"Section 15. Any member who is not entitled to sick benefits by reason of not having paid dues, as per Article XVII, Section 1, or prior to the time such member becomes a beneficiary member, or a non-beneficiary member, shall not be suspended for non-payment of dues, and if said sickness shall continue for a period of more than thirty days or one month, said member shall be exempt from paying dues during said illness, and the local union shall be exempt from paying tax on said member to the International Union during the time said member is exempt from paying dues. The name of the member must, however, appear on the monthly reports, and the reason stated why tax is not being paid on said member. The acceptance of a member's dues, or the payment of per capita tax by a local union to the International Union, shall not in any way be considered a waiver of exemption referred to above, and shall not entitle such person to benefits. Any member who is not entitled to sick benefits by reason of not having dues paid in accordance with Article XVII, Section 1, or prior to time such member becomes a beneficiary member, shall not be suspended for non-payment of dues. Provided, however, no member shall be carried for a period longer than six (6) months at which time a retiring card shall be issued."

Article XVII, Section 1, reads as follows: "Every active beneficiary must pay to his local union not less than $2.00 per month, and it shall be the absolute duty of said member to see that the secretary received the dues on or before the first day of the month for which they are due, except when the first day of the month falls on Sunday or a holiday, when the following day shall be considered the first. *No member shall be entitled to benefits unless dues are paid as herein provided for, notwithstanding any custom to the contrary that may be followed in any local union.* Example: Dues for the month of March must be paid on or before March 1, April dues on or before April 1, etc. The acceptance of dues by the local after the date on which the same becomes due shall not in spite of any custom or habit to the contrary, be deemed a waiver of the requirement to pay dues on or before the first day of the month and shall in no event entitle such member to sick or death benefits. Express notice is hereby given every member and every beneficiary of every member that neither sick nor death benefits will be paid in any case where dues have not been paid strictly in accordance with the provisions of this Constitution. Any member failing to pay his dues as provided in this section, and suspended from the payment of sick and death benefits cannot reinstate himself to benefit standing until the said member furnishes a doctor's statement to the International Office certifying to complete recovery, said certificate to be approved by the International Office." (Emphasis ours.)

Article X, Section 3, reads as follows: "A member shall stand suspended on the last day of any month in which he is indebted to a local union for either dues, fines, assessments, or any other indebtedness, equal in amount to two months' dues. This, however, shall not preclude said member from being suspended from benefits at any time previous for failure to pay dues in conformity with Article XVII, Section 1."

When the dues were paid to the secretary of the local union he receipted for them and, in turn, remitted to the International Union the part of such dues due it. Neither

appellee, nor husband during his lifetime, after June 1, 1947, furnished to the International Union or to the local a doctor's statement certifying his complete recovery. Appellant International did receive application blanks for claims for sick benefits which it returned before Collins' death, marked refused, for the reason that Collins was not in benefit standing, and at the same time refunded $10.to Collins.

Appellant asserts that under the undisputed facts in the record, the trial court should have instructed a verdict for it. Appellee asserts that the court properly submitted to the jury the question of waiver of the default by appellant when it accepted the June dues after June 1, 1947 and by accepting the dues for July, August, September and October, paid on or before the first days of each of such months; that therefore the trial court correctly entered judgment for her on the verdict which found that the " * * * dues of Thomas A. Collins were accepted in June, July, August, September and October, 1947 by the secretary of the local union * * *"; "that the secrtary of the local union was acting for and in behalf of the defendant International Union when it accepted such dues * * *"; and " * * * such acceptance of said dues on the part of defendant unions, amounted to a waiver of the provisions of the Constitution of the International Barbers' Union, regarding the qualifications for a member being in benefit standing * * *."

The only question here is whether the undisputed evidence entitled appellant to an instructed verdict.

Appellee relies on the case of Journeymen Barbers' International Union of America v. Bricker, Tex.Civ.App., 75 S.W.2d 987, to sustain her judgment. That case involved sick benefits only, while in this case the appellee did not sue for sick benefits, but only for death benefits. It seems to us that if appellant was liable for the death claim, it was also liable for any sick benefits accruing prior to the death

of Collins. It was the claim for sick benefits that precipitated the denial of liability by appellant International Union, first on the sick benefits, and afterward on the claim for death benefits. It also appears from the record that the present revised Constitution of the International Union, quoted above, which became effective January 1, 1942, provides against a waiver through the acceptance by the secretary of the local union of dues which cover items other than, and in addition to, the benefit feature. Appellee must recover, if at all, on the International Union's present Constitution. She states in her brief that "Her claim is based on the Constitution of appellant International Union, which provides for death benefit payments * * *." Article X, Section 3, quoted above, excludes death claims where sick benefits are suspended for failure to pay dues during sickness on or before the first day of each month,—which the uncontroverted evidence shows was not done during the month of June. This failure, by the terms of appellant's Constitution, suspended Collins from sick benefits and from death benefits growing out of such sickness; and until he should furnish "a doctor's statement to the International Office certifying to complete recovery." It is undisputed that such doctor's statement was not furnished. It is also undisputed that Collins worked only three days after the default, June 1, until his death October 28, his first disability being swelling of the feet and eczema, his terminal illness being pneumonia.

It is not within the power of this court, or the trial court, to make a new contract for the parties, but only to enforce the rights of the parties under the contract entered into by them. It is our view that under the record there was no issue for the jury and the court should have sustained appellant's motion for an instructed verdict. It is therefore our duty to reverse the judgment below and here render judgment that plaintiff take nothing by her suit. It is so ordered.